**Mary SENERCHIA**

v.

**UNITED STATES of America**

and

**H. V. Higley, Administrator of Veterans' Administration.**

**Civ. A. No. 1991.**

United States District Court
D. Rhode Island.
Sept. 10, 1957.

Edward P. Gallogly, Providence, R. I., for plaintiff.

Joseph Mainelli, U. S. Atty., and Samuel S. Tanzi, Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

This is an action by a contingent beneficiary of a National Life Insurance policy to enforce her asserted right to elect a refund life income option settlement. Jurisdiction of this Court exists under the provisions of Title 38 U.S. C.A. § 817. The action was tried to the Court upon an agreed statement of facts with exhibits.

Summarized, the agreed facts are as follows: Pasco Ralph Senerchia, the insured, applied for and was issued a National Service Life Insurance policy with the face value of $10,000, effective August 18, 1942. His father, Joseph Senerchia, and his mother, Mary Senerchia, hereinafter called the plaintiff, were named as principal and contingent beneficiaries respectively in said policy. The insured was killed in line of duty on January 27, 1944. The principal beneficiary, Joseph Senerchia, filed a claim to the proceeds of the policy. On December 18, 1944, he received notice from the Veterans' Administration of an award in his favor of an annuity payable in 120 equal monthly installments of $51.80 to commence as of January 27, 1944, the date of the insured's death. The first check pursuant to this award was issued on January 27, 1945, and was in the sum of $673.40 in payment of all monthly installments which had accrued since January 27, 1944. This check and all subsequent checks in payment of monthly installments were sent to the principal beneficiary at his home address in West Warwick, Rhode Island, until his death.

On January 27, 1944, the date of the insured's death, Joseph Senerchia was more than thirty years of age and the only authorized mode of settlement under the policy involved herein was that set forth in subsection 602(h) (2) of the National Service Life Insurance Act, 38 U.S.C.A. § 802(h) (2), the pertinent language of which was:

"(h) Such insurance shall be payable in the following manner:

\* \* \*

"(2) If the beneficiary to whom payment is first made is thirty or more years of age at the time of maturity, in equal monthly installments for one hundred and twenty months certain, with such payments continuing during the remaining lifetime of such beneficiary.

\* \* \* "

On September 30, 1944, an amendment to the Act, Public Law 452, was enacted by Congress. It directed the Administrator of the Veterans' Administration to include in insurance policies an option authorizing the insured or the beneficiary to elect a refund life income in lieu of the mode of settlement provided in subsection 602(h) (2), supra. Under the refund life income mode of settlement the monthly installments would be less in amount but their total amount would equal the face value of the policy. The amendment provided also that such election would not be available in cases in which payments of insurance installments had been commenced prior to its effective date, i. e., September 30, 1944. In compliance with Public Law 452 the Administrator promulgated Veterans' Administration Regulations 3475 to 3479, inclusive. Regulation 3477 related to the election of optional settlement by beneficiary. The portion thereof which is pertinent to this controversy is as follows:

"Provided that where payments were commenced on or after September 30, 1944, but before the beneficiary was advised of the right of election, change in the mode of settlement may be effected if such beneficiary so elects within a reasonable period, ordinarily not more than sixty (60) days, after notice has been sent regarding optional settlement."

In 1946, subsection 602(h) (2) of the Act was again amended by Public Law

589. This amendment extended the right to elect a refund life income mode of settlement to cases in which payments of insurance benefits had commenced prior to September 30, 1944, the date Public Law 452 became effective. Public Law 589, however, contained the following provision as to the precise form of notice to be sent to beneficiaries of their right to make an election:

"* * * The right of election with respect to cases in which benefit payments were commenced prior to September 30, 1944, shall terminate two years after August 1, 1946. The Administrator is directed to send, within one year after August 1, 1946, to each beneficiary of insurance on which payments were commenced prior to September 30, 1944, a notice explaining the right of election. *Any such notice shall be sent by registered mail addressed to the last known address of the addressee.*" (Emphasis added.)

By a form letter dated June 9, 1947, the Veterans' Administration notified Joseph Senerchia, the principal beneficiary, of his right to elect a refund life income settlement. This notice was sent by *ordinary* mail, postage prepaid, to his last known address, the address to which all checks had been sent. Plaintiff has stipulated that she cannot dispute receipt of this notice and agrees that the Veterans' Administration never received a reply thereto from Joseph Senerchia.

The principal beneficiary died on October 7, 1948, after having received payment of 57 monthly installments of $51.80. On January 11, 1949, an award of the remaining 63 monthly installments was made in favor of the plaintiff, commencing as of October 27, 1948. The last of these monthly installments became due and was paid on December 27, 1953. The total amount paid to both beneficiaries, principal and contingent, was $6,216.

After the receipt of the last monthly payment the plaintiff sought to have those payments reinstated by attempting to exercise the option given to a beneficiary to elect a refund life income settlement so that the face value of the policy would be payable. On January 8, 1954, plaintiff advised the Veterans' Administration that she claimed the right to elect this mode of payment. She was then advised that no action could be taken to change the election made by the principal beneficiary. A formal claim of her right to make the election, her election to do so and a demand that monthly payments be reinstated was filed with the Veterans' Administration on February 2, 1954. From a rejection of this claim the plaintiff appealed to the Board of Veterans Appeals which denied and dismissed her appeal on May 27, 1955. Having exhausted her administrative remedies, the plaintiff instituted this action.

Plaintiff contends that she is entitled to the relief which she seeks because the notice of the right to elect a refund life income mode of settlement sent to the principal beneficiary was admittedly not sent by registered mail as required by Public Law 589. She contends that Public Law 589 applies to the present case and that since it required a notice explaining the right of election to be sent by registered mail, no other form of notice would suffice. The defendants contend that payments to the principal beneficiary commenced after September 30, 1944, that Public Law 452 and Veterans Regulation 3477 apply, that notice was given to the principal beneficiary as required, that he failed to elect to exercise the option and that no option is available to her.

In support of her contention that Public Law 589 applies to the instant case, she argues "the rights of the beneficiary to the proceeds of the policy became vested on the date of the veteran's death * * *." In my opinion this contention is unsound. Sec. 602(i) of the National Life Insurance Act of 1940 on the date of the death of the insured provided in part as follows:

"* * * The right of any beneficiary to payment of any install-

ments shall be conditioned upon his or her being alive to receive such payments. No person shall have a vested right to any installment or installments of any such insurance and any installments not paid to a beneficiary during such beneficiary's lifetime shall be paid to the beneficiary or beneficiaries within the permitted class next entitled to priority, as provided in subsection (h) * * * ".

In United States v. Henning, 344 U.S. 66, at pages 74, 75, 73 S.Ct. 114, 118, 97 L.Ed. 101, the Supreme Court in rejecting the contention that the estates of deceased beneficiaries were entitled to matured but unpaid installments of insurance benefits held:

"We reject the conclusion and its premises. The asserted distinction assumes that when Congress in § 602(i) conditioned payment to beneficiaries on their 'being alive to receive such payments' it meant something else; that it exempted, without words or other indication, installments accrued but not yet paid. But to read such language into subsection (i) strips it of significance; if limited in application to unmatured installments the strictures of that subsection would be mere surplusage, forbidding what the priority ladder of § 602(h) (3) in any event could not logically permit. We cannot so nullify the clear import of subsection (i). * * * We are not unmindful of the fact that unanticipated delay in the payment of policy proceeds may withhold from a beneficiary the funds that Congress intended him to get; seven years and three deaths have not yet brought this litigation to an end. But we cannot apportion the blame for this cruel delay. And we may surely not speculate that the officials entrusted with the administration of the Act would attempt to enrich other beneficiaries or the treasury itself by a sardonic waiting game."

The principal beneficiary's right to the installments of insurance benefits became vested only when they were paid to him. The first payment thereof was made by check dated January 27, 1945, which was undoubtedly cashed by him. Commencement of benefits is not the equivalent of commencement of payment thereof. The language of Public Law 452, of the regulations promulgated pursuant thereto and of Public Law 589 is clear and unequivocal. In each the determinative date for their application is the date when the *payment* of insurance benefits commenced, not the date when the policy matured with the result that its proceeds would eventually be paid to the named beneficiary if he continued to live, as required by subsection 602(i) of the Act.

Since payments under the policy were commenced after September 30, 1944, Public Law 452 and Veterans' Administration Regulation 3477 apply. This regulation, unlike Public Law 589 relating to cases where insurance benefit payments were commenced *prior* to September 30, 1944, did not require that the notice explaining the right of election to receive a refund life income be sent by registered mail. In the absence of such a requirement it must be concluded that notice by ordinary mail was sufficient.

The parties herein have stipulated that such a notice, properly addressed and stamped, was mailed by the Veterans' Administration on June 9, 1947, to the principal beneficiary during his lifetime. Under the circumstances a presumption of its receipt by him arises. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861. Moreover, its receipt by the principal beneficiary is not denied by the plaintiff. Plaintiff concedes that no election to receive a refund life income was made and sent to the Veterans' Administration by the principal beneficiary within 60 days after June 9, 1947, or at any other time. Since the option was not exercised by him it must be deemed to have expired. Under Veterans' Administration Regula-

tion 3479 it was available only to the first beneficiary receiving payment. His death, he not having exercised it, did not give rise to a similar right in favor of the plaintiff. In my opinion she is not entitled to the relief which she seeks.

Judgment shall be entered in favor of the defendants.