PER CURIAM:
 

 The bankruptcy trustee tendered a complaint in opposition to the discharge of the bankrupt after expiration of the period in which such pleadings were to have been filed, but before the entry of an order of discharge. The bankruptcy court found that the trustee’s delay was the product of excusable neglect and allowed enlargement of the time for filing the complaint, pursuant to Rule 906(b)(2) of the Rules of Bankruptcy Procedure. On appeal to this court, the bankrupt contends that the finding of excusable neglect is not supported by the record and that the bankruptcy judge abused his discretion in considering the merits of the trustee’s complaint in ruling on the motion for enlargement of time in which to file.
 

 
 *56
 
 Preliminarily, the trustee filed a motion to dismiss the appeal, contending the interlocutory order was not appealable. This, however, is not an appeal from an order settling a “controversy in bankruptcy.” The procedural order was entered in a “proceeding in bankruptcy,” and since it involved a matter discretionary with the district judge, it is appealable, notwithstanding its interlocutory nature, if there were an abuse of the discretion lodged in the bankruptcy judge.
 
 Columbia Foundry Co. v. Lochner,
 
 179 F.2d 630, 635 (4th Cir. 1950). Hence, we may look to the merits to determine whether or not there was an abuse of discretion.
 

 We find no merit in the bankrupt’s contentions. In light of the complex nature of the bankruptcy proceedings in this case and the failure of the bankrupt to list various assets, the bankruptcy court’s finding of excusable neglect is amply supported by the evidence, regardless of whether the merits of the trustee’s complaint are considered.
 

 Because the entry of the order was well within the discretion lodged in the bankruptcy judge,
 
 see
 
 Rule 906(b), Rules of Bankruptcy Procedure, this interlocutory appeal should be dismissed.
 

 APPEAL DISMISSED.