In re James Kenneth MAGOUIRK, a/k/a Jim Mac, and Katharine Ellen Magouirk, a/k/a Katharine Ellen Baker, Debtors.

FASSON, A DIVISION OF AVERY INTERNATIONAL CORPORATION, a Delaware corporation, Appellants,

v.

James Kenneth MAGOUIRK, a/k/a Jim Mac, and Katharine Ellen Magouirk, a/k/a Katharine Ellen Baker, Appellees.

BAP No. CC–80–1049–GHV.

Bankruptcy No. LA–80–03182–BR.

Adv. No. LA–80–1926–BR.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued May 21, 1981.

Decided Jan. 12, 1982.

Nancy L. Dassoff, Cutler & Cutler, Los Angeles, Cal., for appellants.

Jay L. Michaelson, Michaelson & Susi, Santa Barbara, Cal., for appellees.

## OPINION

Before GEORGE, HUGHES and VOL-INN, Bankruptcy Judges.

GEORGE, Bankruptcy Judge:

This case was commenced on April 14, 1980, when James and Katharine Magouirk filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code. The Magouirks listed the appellants, "Fasson", as unsecured creditors in their debt schedules. Thereafter, a notice was duly mailed to all scheduled creditors of the Magouirk estate, including Fasson. The notice set July 16, 1980 as the last day for filing complaints to determine the dischargeability of debts. The notice also stated that the last day for filing objections to the discharge of the debtors was August 13, 1980.

When this notice arrived at the offices of counsel for Fasson, it was directed to a "new" associate, who was handling the file. This associate mistakenly believed that the deadline for filing a complaint to determine the dischargeability of a debt in this case was August 13th, not July 16th. Pursuant to this belief, counsel for Fasson filed its complaint to determine dischargeability on August 11, 1980, three weeks after the actual deadline. It was not until Fasson's counsel received the court's order dated August 15, 1980, dismissing the said complaint, that the error in filing was realized.

On August 27, 1980, Fasson filed a motion for permission to make a late filing and for relief from the order dismissing its complaint. An order denying Fasson's motion was entered on October 28, 1980. It is from this latter order that Fasson now appeals.

The sole issue presented by this appeal is whether the trial court abused its discretion in denying the appellants' motion to make a late filing. In a somewhat different context, the Ninth Circuit has held that "[a] judge abuses his discretion only when his decision is based on an erroneous conclusion of law, or where the record contains no evidence on which he rationally could have based that decision." *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

In examining the trial court's decision in this case, the Panel must look to Rules 409(a)(2) and 906(b) of the Federal Rules of Bankruptcy Procedure. *See* 12 Collier on Bankruptcy ¶ 409.4, at 4–85 (14th ed. 1978). *But see In re Koritz*, 2 B.R. 408, 412 (D.Mass.Bkrtcy.1979) (holding that the general enlargement provisions of Rule 906(b), F.R.B.P., are superseded by the specific provisions of Rule 409(a)(2), F.R.B.P.). Rule 409(a)(2), which governs the fixing of the time for filing a complaint to determine the dischargeability of a debt, allows that "[t]he court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph." Rule 906(b) provides, in pertinent part:

"(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . . ."

Although Rule 409(a)(2) does not specifically address extensions requested after the bar date for complaints to determine the dischargeability of a debt, the Panel believes that these are permitted pursuant to Fed.R.Bankr.P. 906(b). *See In re Canifax*, 2 B.C.D. 225 (D.Ore.1976) (examining the correlation of section 14b(1) of the old Bankruptcy Act, which contains similar language to that of Fed.R.Bankr.P. 409(a)(2), to Fed.R.Bankr.P. 906(b)). In such a setting, however, Rule 409(a)(2)'s requirement of "cause" would also include a necessary Rule 906(b) finding of "excusable neglect."

In this regard, the burden of showing circumstances which would constitute excusable neglect is on the moving party. *See In re Oakton Beach & Tennis Club, Etc.*, 9 B.R. 201 (E.D.Wis.Bkrtcy. 1981). The question of which set of facts will carry this burden must be determined on a case-by-case basis.

The term "excusable neglect" was recently defined in *Beneficial Finance Co. of Hartford v. Manning*, 4 BCD 304, 305 (D.Conn.Bkrptcy.1978):

"The words, 'excusable neglect', are words of art, and are subject to the interpretation of the trier. This court has interpreted 'excusable neglect' as meaning the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform."

As this definition might imply, the term "excusable neglect" is susceptible of both a liberal and a more restrictive construction in any given circumstance. *Compare In re Hart*, 7 CBC 479 (D.N.J.Bkrptcy. 1975); *In re Murphy*, 1 B.R. 736 (S.D.Cal. Bkrtcy.1979) (the liberal view) *with In re Koritz, supra* (the more restrictive view). The courts have been most inclined to find that neglect was excusable where a creditor has not received adequate notice of a deadline for making a filing. *See, e.g., In re Loveridge*, 2 BCD 1597 (D.Conn.Bkrptcy. 1977). On the other hand, there has been less of an inclination to find "excusable neglect" where the tardy filing resulted from a failure to realize the legal ramifications of such a filing until after the deadline has passed. *See, e.g., In re Mohnar*, 2 CBC 174 (W.D.Pa.Bkrptcy.1974).

In the instant case, the trial court concluded that due diligence could have prevented the new associate's error. Therefore, the failure to file a timely complaint was not due to circumstances beyond the reasonable control of the attorneys for Fasson. The record before the Panel contains sufficient evidence on which the trial court could and did rationally rely in reaching its decision. Thus, although it cannot be denied that another court might look upon such a mistake with greater liberality than did the trial court in this case, we do not find that it was an abuse of the trial judge's discretion to refuse to excuse the conduct of Fasson's counsel. Since the language of Rule 409(a)(2) is permissive and that of Rule 906(b) has the effect of limiting review of its application to the abuse of discretion standard, we cannot find error in the trial court's actions in this proceeding.

Affirmed.