**In re Jose (NMN) VASQUEZ aka Joe (NMN) Vasquez, Debtor.**

**VIRGINIA ELECTRIC AND POWER COMPANY, INC., Plaintiff,**

v.

**Jose VASQUEZ, Defendant.**

**Bankruptcy No. 81–01876–N.**

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

June 24, 1982.

Richard S. Harman, Norfolk, Va., for debtor.

John S. Norris, Jr., Williams, Worrell, Kelly & Greer, P. C., Norfolk, Va., for plaintiff.

## ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

On December 18, 1981, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On January 7, 1982, notice was sent from the Court to all creditors listed by the debtor advising them, among other things, that March 22, 1982, was the last day for filing complaints to determine dischargeability of debts pursuant to 11 U.S.C. § 523.

The debtor amended his schedules on March 3, 1982, to add Virginia Electric and Power Company, Inc., [VEPCO], as a creditor in the amount of $2,178.00. The accompanying cover letter from the debtor's attorney to the Court indicates that a copy of the letter and the amended portions of the debtor's schedules were also sent to VEPCO on March 3rd. VEPCO acknowledges receipt of this information, but has no record of what date the correspondence was received.

On March 18th notice was sent from the Court to VEPCO advising that it had been added as a creditor on the debtor's schedules. A copy of the Court's notice of January 7 was attached. This notice was received by VEPCO on March 19th. VEPCO filed an application for an extension of time to file a complaint to determine discharge-ability, alleging in the application that VEPCO's first notice of the pendency of the bankruptcy proceedings was dated March 18th. This is opposed by the debtor who argues the time for doing this has expired and that VEPCO had ample time to timely challenge the discharge.

In summary, the time frame appears thusly:

| | |
|---|---|
| December 18 | Case filed |
| March 3 | VEPCO added as a creditor |
| March 3 | Notice from debtor's attorney to Vepco of pending bankruptcy |
| March 18 | Notice of added creditor sent by Court |
| March 19 | Such notice received by creditor |
| March 22 | Last day originally established by Court for challenging dischargeability. |

VEPCO laments its situation as a volume creditor and seeks special treatment. These tears fall upon a hard heart on the subject. The law provides for no preferential consideration and VEPCO must be atuned to the effects of a customer filing bankruptcy. The fact that it, as a natural monopoly, has many customers places it in a situation with many other high potential customer bankruptcy entities who handle the situation well. To be sure, it involves but two steps:

1—An immediate reaction *within* the company when knowledge of a bankruptcy is received. This knowledge may be by notice or by actual knowledge.

2—A quick determination of what to do based upon the advice and education of legal counsel.

Indeed, one of the best "investments" a large business can make is to bring in a knowledgeable attorney to teach employees at a training session. In addition to an awareness of deadlines, which are usually fatal, this includes information on such matters as claims. We recently had a case where $7,668.01 was returned to the debtor and this in spite of several notices to creditors of assets and a surplus. *In re Acklin,* 80–02451–NN.

When a case is filed, the Court fixes a time for the filing of complaints for the

dischargeability of debts. If it is a no-asset case, as this is, only 10 days' notice of the date fixed is required. Rule 409(a)(2). Following the effectiveness of this procedure in 1973, a few creditors would come before the Court demanding the right to challenge the discharge after the time had expired. The courts determined that the Congress intended that the deadline be followed absent "excusable neglect."

As might be anticipated, an appeal of this Court's application of the mandates of time was taken early on. The District Court agreed that a creditor must act within the time set or seek an extension before the expiration of it. *In re Eates*, 201–73–N (Kellam, D. J., 1973). The issue was again determined, still early on, by another appeal when *In re Naghiu*, 74–9–N (MacKenzie, D. J., 1974), said the deadline must be followed by creditors.

The Court of Appeals, too, has said it is a matter of discretion applying the "excusable neglect" doctrine. *Capshaw v. Wise*, 611 F.2d 55 (4th Cir. 1979).

Clearly, VEPCO must be aware of bankruptcy deadlines. Let this be noted:

(1) Although but 10 days' notice need be given creditors in no-asset cases, this Court normally accords 60 days' notice.

(2) Where a creditor finds it genuinely requires more time to file an objection to discharge or dischargeability, this Court grants a reasonable extension, *ex parte*, for the asking.

Creditors cannot here complain of a system working against them.

In the matter before us, VEPCO learned on or about March 4th that the debtor had filed bankruptcy. The material sent VEPCO by the attorney for the debtor is in evidence and is explicit. It had nearly three weeks, until March 22nd, to act. It had actual notice of a bankruptcy and sat back to do nothing.

VEPCO should have realized on March 4th that it had a hot item on its hand. An immediate check by its runner or a call to its attorney would have led to the detailed information needed.

In argument, VEPCO takes a rather privileged or cavalier attitude that it need do nothing until official notice comes from the Court. This is a nice, high-handed approach if one can get by with it, but....

Really, friend, we have written—to be helpful—at length when the matter is clearly settled by pluperfect law.

§ 523 Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.   .   .   .   .

(3) neither listed nor scheduled under section 521(1) of this title, with the names, if known to the debtor, of the creditors to whom such debt is owed, in time to permit—

.   .   .   .   .

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraph, <u>unless such creditor had notice or *actual* knowledge of the case in time for such timely filing and request</u>. Emphasis added

VEPCO had actual knowledge ... and in time to act.

Rather than so much time spent seeking to run around the law, it would be better spent educating the client.

VEPCO'S application for an extension of time to file a complaint for the determination of the dischargeability of a debt is denied.

SO LET IT BE DONE.