**In re Theresa Marie Fielding TORRES, SS # 286–26–6829, Debtor.**

**Bankruptcy No. 81–00340 M A.**

United States Bankruptcy Court, D. New Mexico.

Aug. 12, 1982.

J. Stephen Gammill, Albuquerque, N. M., for debtor.

John T. Fitzpatrick, Albuquerque, N. M., for creditor.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the motion of creditor Aetna Finance Company to extend the time in which to file a complaint for determination of dischargeability. The debtor objects, alleging that there are no grounds upon which an extension of time should be granted. The facts are these: Upon the filing of debtor's bankruptcy petition the notice for meeting of creditors was issued by the office of the Clerk of the Bankruptcy Court. Included in that notice was the notice of deadline for filing complaints to determine dischargeability. That deadline was May 21, 1981. On May 28, 1981, Aetna filed the motion presently under consideration, stating that the circumstances which led to failure to timely file the complaint constitute excusable neglect. At the hearing on the motion, the attorney for Aetna stated that this deadline fell during the transition period in which the attorney who had been handling the case left the law firm. Aetna's counsel went on to state that the office simply "goofed" in failing to catch the deadline when the case was transferred from the departing attorney to a different firm member. At the hearing on the motion this Court found that the delay between the deadline for complaints and the filing of this motion—seven days—was so short that no prejudice to the debtor could have resulted in that time. The only issue taken under advisement was whether Aetna's failure to timely file its complaint for determination was due to excusable neglect. We now turn to that issue.

Excusable neglect as it relates to failure to timely file dischargeability actions has been defined as an error or mistake which is due to circumstances beyond the reasonable control of the person whose duty it was to act. *Beneficial v. Manning (In re Manning)*, 4 B.C.D. 304 (Bkrtcy.D. Conn.1978). The court in *Fasson v. Magourik (In re Magourik)*, 8 B.C.D. 955, 16 B.R. 883 (Bkrtcy. 9th Cir. 1982), found that

neglect is excusable only when due diligence could not have prevented the error. That court also placed the burden of showing circumstances of excusable error on the moving party. *In re Heyward*, 15 B.R. 629 (Bkrtcy.E.D.N.Y.1981), is a case in which the court states that besides prejudice to the debtor, a court must look at the adequacy of notice provided and the source of delay as it relates to the sophistication of the creditor. *Id.* at 636.

In applying the standards suggested by these courts, we find that the circumstances shown for failure to timely file Aetna's complaint fall short of the requirements for excusable neglect. There was no showing by Aetna that due diligence was exercised, or that had it been, the error would have nonetheless occurred. Procedural deadlines are a fact of life in the legal professions and are one of the complications which can, and should be, anticipated when changes occur in the personnel of a law firm. The instant case is similar to *In re Biddy*, 7 B.C.D. 84, 7 B.R. 50 (Bkrtcy.N.D. Ga.1980), in which the court stated that when the internal failures of the litigant cause a failure to comply with proper legal procedure, courts generally refuse to grant relief from the consequences. We are equally reluctant to grant that relief here, particularly in light of the fact that the burden of proof lies with Aetna. Their attorney stated that their office "goofed" and offered no more to explain the error. We cannot guess at the underlying circumstances if the movant does not present them, and here we must assume that they would not serve to excuse the error.

Accordingly, we find that Aetna's failure to timely file the complaint to determine dischargeability is not the result of excusable neglect. The motion to extend the time in which to file the complaint must be denied.

An appropriate order shall enter.