**In re Gary Edward HEILAND, Mary Ann Heiland, Debtors.**

**HOUSEHOLD FINANCE CORPORATION, Plaintiff,**

v.

**Gary E. HEILAND, Mary A. Heiland, Defendants.**

**Bankruptcy No. 82–1–1221.**
**Adv. No. 82–1044A.**

United States Bankruptcy Court, D. Maryland at Rockville.

March 23, 1983.

Gerald Danoff, Towson, Md., for plaintiff.

Jack Hyatt, Baltimore, Md., for debtors/defendants.

PAUL MANNES, Bankruptcy Judge.

## MEMORANDUM OF OPINION

This matter is before the court upon defendants' motion to dismiss and the plaintiff's motion for an extension of time to file a complaint to determine dischargeability of a debt.

The facts in this case are simple and undisputed. Debtors filed a petition for relief under Chapter 7 on August 9, 1982, and scheduled Household Finance Corporation as a secured creditor with a lien on household goods. The notice of first meeting mailed September 14, 1982, scheduled the first meeting on October 5, 1982, and further fixed December 6, 1982, as the last day for the filing of a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c). Plaintiff timely filed such a complaint with the clerk of the bankruptcy court, but did so in Baltimore. This case was filed in the Rockville division, as was well known to the plaintiff. The clerk thereafter returned the complaint and the cover sheet to counsel for the plaintiff who thereafter mailed it to Rockville, the case being received and filed in Rockville on December 20, 1982. Clearly, this was beyond the bar date.

The question before the court is whether or not to grant plaintiff's motion to extend the time within which to file the complaint objecting to the dischargeability of a debt. Bankruptcy Rule 906 permits the enlarge-

ment of the time within which to do a particular act required either by a rule or by an order of court. When the request is made prior to the expiration of the period originally prescribed, the court may do so with or without notice and after the expiration of the specific period where the failure to act was the result of excusable neglect. Rule 906(b) also bars enlargement of certain time periods under specific rules. This determination involves the discretionary power of the court. Rule 906 should be read in conjunction with Rule 924 which makes Rule 60 of the Federal Rules of Civil Procedure applicable in bankruptcy cases.

Debtors do not state that any prejudice occurred by virtue of the filing in Baltimore rather than Rockville. Debtors rely upon two cases: *In re Torres,* 22 B.R. 418 (Bkrtcy.N.M.1982) and *In re Magouirk,* 8 B.C.D. 955, 16 B.R. 883 (Bkrtcy.App. 9th Cir.1982). In *Torres,* which relied upon *Magouirk,* the creditor's counsel had a deadline of May 21, 1981, and filed on May 28, 1981. The explanation for the week's delay was that the bar date occurred during the transition period between counsel handling the case for the creditor's law firm. As was stated, the office simply put the word "goofed" in failing to catch the deadline. *Torres* tied excusable neglect to circumstances beyond the reasonable control of the person whose duty it was to act.

Unfortunately for the debtors in this case, *Magouirk* was reversed by the Ninth Circuit. *See In re Magouirk,* 693 F.2d 948 (9th Cir.1982). Since *Magouirk* was relied upon by the *Torres* court, it seems unlikely that *Torres* would reach the same result given a clean slate. Judge Hug speaking for the Ninth Circuit declined to find the extraordinary circumstances holding that "'excusable neglect' is literally construed, especially in those instances where the order or judgment forecloses trial on the merits of the claim." 693 F.2d at 951. *Magouirk* sets forth five factors to be considered by the court:

> We note that other bankruptcy courts, in applying a liberal definition of "excusable neglect," in ruling on a Rule 404 or related motion, have considered a broad range of factors: (1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect. Citations omitted.

Weighing the lack of prejudice on one hand against the foreclosure of trial on the other, finding no lack of good faith, the court will grant the motion for an extension of time within which to file the complaint. *See Matter of Capshaw,* 611 F.2d 55 (4th Cir.1979).