In re Joseph H. SCOLLIN and Doris T. Scollin, Debtors.

**LOWELL INSTITUTION FOR SAVINGS, Plaintiff,**

v.

Joseph H. SCOLLIN and Doris T. Scollin, Defendants.

Bankruptcy No. 82–1796–L.
Adv. No. 82–1322–L.

United States Bankruptcy Court, D. Massachusetts.

May 27, 1983.

Edward F. Finnegan, Qua, Hall, Harvey & Walsh, Lowell, Mass., for plaintiff.

Jon H. Kurland, Kurland & Grossman, Lowell, Mass. for debtors.

### MEMORANDUM DECISION

THOMAS W. LAWLESS, Chief Judge.

This matter is before the Court on Lowell Institution for Savings' (Bank) Motion to Allow Late Filing of a Complaint objecting to the dischargeability under 11 U.S.C. § 523(a)(2)(B) of a particular debt owed to the Bank by Joseph and Doris Scollin (Debtors). For the reasons set forth below, the Bank's motion is allowed.

On October 4, 1982, the Debtors filed a voluntary petition for bankruptcy. On the Debtors' schedule of liabilities, the Bank was listed as a secured creditor by virtue of a real estate attachment obtained by the Bank on a judgment of $8,000.00 for 1980 and 1981 personal loans made by the Bank to the Debtors. Subsequent to the filing of the petition, the Bank received notice from the bankruptcy court that the last day for filing complaints objecting to the dischargeability of particular debts was December 1, 1982. On October 28, 1982, the Debtors filed a complaint to avoid the Bank's lien as a judicial lien under 11 U.S.C. § 522(f)(1). A summons was issued by the bankruptcy court on that complaint, establishing December 1, 1982 as the Bank's answer date and December 7, 1982 as the date of the pre-trial conference on the Debtors' complaint. On December 3, 1982, the Bank filed the instant motion to allow late filing of a complaint objecting to discharge. As

grounds therefore, the Bank asserts that it misread the notices and believed that the last date for filing objections to dischargeability was December 7, 1982, the date set for the pre-trial conference on the Debtors' complaint to avoid the Bank's lien. On December 6, 1982, the Bank filed both its complaint objecting to dischargeability and its answer to the Debtors' complaint to avoid the Bank's lien. In addition to the dischargeability complaint, the Bank, in its answer to the Debtors' complaint to avoid the Bank's lien, raised as a defense the Debtors' alleged fraud in procuring the 1980 and 1981 personal loans. On January 10, 1983, the Debtors moved to dismiss the Bank's dischargeability complaint on the basis that it was untimely. On January 21, 1983, the Court avoided the Bank's lien under § 522(f)(1).

█ The grant or denial of discharge is governed by Bankruptcy Rule 404. Rule 404(c) provides that: "The court may for cause, on its own initiative, extend the time for filing a complaint objecting to discharge." The grant of an extension of time to file such a complaint is within the "ample discretion" of the bankruptcy judge. *Jackson v. Menick*, 271 F.2d 806, 808 (9th Cir. 1959). When exercising that discretion the bankruptcy court should apply a liberal definition of "excusable neglect" similar to the standard employed with respect to a motion to set aside a default judgment under Fed. R.Civ.P. 55(c) and 60(b). *In re Magouirk*, 693 F.2d 948, 951 (9th Cir.1982). Factors to be considered by the court are: (1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect. *Id.*

█ Applying those standards herein, I find that the six day delay in filing the dischargeability complaint has not prejudiced the Debtors and has not adversely affected the Court's administration of this case. In light of the Debtors' complaint to avoid the Bank's lien under § 522(f)(1) and the various dates established therein, the Bank's confusion is understandable. It would be somewhat anomalous to require a lien creditor to file an objection to dischargeability of its debt prior to a decision on a debtor's complaint to relegate that lien creditor to the status of an unsecured creditor. If the Bank had ultimately been successful on the Debtors' complaint to avoid the Bank's lien, in all likelihood the dischargeability complaint would have been rendered moot because the lien would not have been affected by the bankruptcy proceeding. In view of this, the relatively short delay in filing the dischargeability complaint and the allegations set forth in the Bank's complaint, the Bank's motion to allow the late filing of the dischargeability complaint is hereby ALLOWED.