In re Leo J. SMITH, a/k/a Leo J. Smith, Jr., Leo J. Smith, Sr. and Sandra M. Smith, Debtors.

**WARE CO–OPERATIVE BANK, Plaintiff,**

v.

**Leo J. SMITH and Sandra M. Smith, Defendants.**

Bankruptcy No. 4–83–00591.
Adv. No. 4–83–0442.

United States Bankruptcy Court,
D. Massachusetts.

Oct. 1, 1984.

Douglas C. Walker, Schoonmaker & Schoonmaker, Ware, Mass., for plaintiff.

Joel Pentlarge, Ware, Mass., Office of the U.S. Trustee, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEBTORS' MOTION TO DISMISS

PAUL W. GLENNON, Bankruptcy Judge.

Before the Court is the debtors' motion to dismiss the non-dischargeability complaint brought by the Ware Co-operative Bank ("Bank") against the debtors, Leo J. and Sandra M. Smith ("debtors"), on the grounds that the complaint was not timely filed.

### FACTS

On September 26, 1983, the debtors filed a joint petition under Chapter 7 of the Bankruptcy Code. By order dated September 30, 1983, ("order") sent to all creditors, the Court set November 1, 1983 as the date for the first meeting of creditors, pursuant to 11 U.S.C. § 341(a), and fixed December 1, 1983, as the last day for the filing of complaints objecting to the discharge of the debtors, pursuant to 11 U.S.C. § 727, and complaints seeking to determine the dischargeability of a particular debt, pursuant to 11 U.S.C. § 523(c). The Court's order, which was titled "Order for Meeting of Creditors, Combined with Notice thereof

and of Automatic Stay", stated that the § 341(a) meeting would be held at: "5th Floor—Federal Bldg. Main Street Springfield, Mass:" No address for the filing of papers was provided on the order.[1] It does not appear that Bank's counsel received any papers whereon the Worcester address was listed.

This Court handles cases filed from Worcester County west. While the Court normally sits in Worcester, the Court also travels regularly to, *inter alia*, Springfield, a distance of approximately sixty miles from Worcester, to accommodate the many attorneys and individuals who practice and reside in and around the Springfield area. Both courthouses are located in the same district, i.e., the district of Massachusetts. The state of Massachusetts comprises a single district. Nowhere on the order was the address of the Worcester courthouse given. Oftentimes, the Court receives mail intended for Worcester at the Springfield courthouse. It has been the clerk's practice in Springfield, to either place such mail upon the clerk's bench prior to the time this Court is scheduled to hear cases in Springfield or to place this mail in a mailbox designated for receipt of mail addressed to the United States Bankruptcy Court, to be picked up when this Court sits in Springfield. The United States Bankruptcy Court has no offices nor employees in Springfield. If, for some reason, the Court does not hold hearings in Springfield for four weeks, e.g., the mail ordinarily remains in Springfield until the Court next visits there.

The Bank filed a complaint seeking to have the debt owed it by the debtors de-

clared nondischargeable under § 523(a)(2). The complaint was received by the clerk's office of the United States Bankruptcy Court at Worcester on December 7, 1983, six days beyond the deadline, set forth in the order, for the filing of such complaints. The Bank, by way of counsel's affidavit, states that it mailed the complaint to the "United States Bankruptcy Court" in Springfield. The affidavit further states that the complaint was never returned to counsel. Attached to the affidavit was an office copy of the cover letter which counsel states accompanied the complaint. The cover letter is dated November 21, 1983 and is addressed to the United States Bankruptcy Court, 1550 Main Street, Springfield, Massachusetts. The affidavit of Bank's counsel further states that he signed the complaint on November 22, 1983 and mailed it on November 23, 1984. Next to counsel's signature on the complaint is the date November 22, 1983. This Court held hearings in Springfield on November 22, 1983 and then again next on December 6, 1983.

The debtors filed a motion to dismiss the complaint on the grounds that it was not timely filed. For the reasons set forth more fully below, the motion is DENIED.

## DISCUSSION

Under the Bankruptcy Rules in effect prior to August 1, 1983, the standard to be applied in considering whether to permit prosecution of complaints objecting to the debtor's discharge and seeking to determine the dischargeability of a particular debt which were not timely filed was one of excusable neglect.[2] Bankruptcy Rule 409[3]

---

1. The order has since been amended and now contains language directing that all papers be filed at the Worcester courthouse address, listed on the face of the order.

2. While the Bank did not file a motion to extend the time for the filing of its complaint, under Bankruptcy Rule 409, a court could extend the time, *sua sponte*, where appropriate. *See infra*, n. 3.

3. That rule provided, in relevant part:
   The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt.... The time

shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

set forth time limitations while Bankruptcy Rule 906(b) provided for extensions of time, specifically incorporating the standard of "excusable neglect".[4] When construing the "excusable neglect" standard, as it applied to the time fixed for filing non-dischargeability complaints, courts differed on whether a liberal or strict interpretation should apply. *Compare In re Magouirk*, 693 F.2d 948 (9th Cir.1982) (liberal); *In re Scollin*, 30 B.R. 35 (Bankr.D.Mass.1983) (liberal); *In re Overmyer*, 30 B.R. 123 (Bankr.S.D.N.Y.1983) (liberal); *and In re Heiland*, 28 B.R. 350 (Bankr.D.Md.1983) (liberal) *with In re Digby*, 29 B.R. 658 (Bankr.N.D.Ohio 1983) (strict); *In re Frankina*, 29 B.R. 983 (Bankr.E.D.Mich. 1983) (strict); *and In re Waldman*, 33 B.R. 328 (Bankr.S.D.N.Y.1983) (strict).

This Court need not decide whether a liberal or strict approach is proper however, because new Rules of Bankruptcy Procedure were adopted, effective August 1, 1983, and were made applicable to cases then pending, except where application of the former Rules in lieu of the new Rules would be necessary to avoid injustice or where application of the new Rules would not be feasible. *See* April 25, 1983 Order of the United States Supreme Court. Since the debtors' petition was filed after August 1, 1983, the exceptions need not be considered; the new Rules apply.[5] Bankruptcy Rule 9006(b) provides:

(1) Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) *Enlargement Not Permitted.* The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 4001(b), 7052, 9015(f) 9023, and 9024.

(3) *Enlargement Limited.* The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 400(a) [sic], 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

As can be seen from the above-quoted language, where paragraph (3) limits the discretionary power of the Court to enlarge the time for filing complaints brought under § 523(c) pursuant to Rule 4007(c), the general enlargement power of the Court under paragraph (1) does not apply. Instead, the Court must look to the conditions set forth in Rule 4007(c). *See In re Lane*, 37 B.R. 410 (Bankr.E.D.Va.1984). That rule reads as follows:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired* (emphasis supplied).

■■■ The new Rules have now made clear that a court may only extend the time

---

**4.** Rule 906(b) provided:
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect;* ... (emphasis supplied).

**5.** Further, since the Rules are not inconsistent with the Code, the Court must follow the limitations set by the Rules. *See In re Lane, supra.*

for filing a complaint seeking to have a debt declared non-dischargeable if a motion to extend such time is filed prior to the expiration of the time set by the court. *See In re Neumann*, 36 B.R. 58 (Bankr.D. Minn.1984); *In re Lane, supra; In re Johnson*, 35 B.R. 79 (Bankr.D.Conn.1983); *In re Figueroa*, 33 B.R. 298 (Bankr.S.D.N. Y.1983); and *In re Beehler*, 33 B.R. 104 (Bankr.W.D.N.Y.1983). To the extent that the case of *In re Nowacki*, 39 B.R. 35 (Bankr.N.D.Ohio 1984), holds that the excusable neglect standard of Bankruptcy Rule 9006(b)(1) should be considered by a court in reaching its determination of whether to allow a late filed complaint brought under Rule 4007(c), this Court respectfully disagrees with that holding. In accordance with the above, the Court finds even were the Bank to have requested an extension for the filing of the within complaint, the Court lacks the authority to grant same.

■ However, the Court believes it may otherwise deny the motion to dismiss and thereby allow the Bank to prosecute its complaint, under Bankruptcy Rule 5005(b). That Rule provides:

A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or *the clerk of the district court* shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery (emphasis supplied).[6]

The problem confronting the Court is that the complaint, if in fact misdelivered to and received by the United States District Court in Springfield, was not noted as being received, and transmitted to the bankruptcy court, as Bankruptcy Rule 5005(b) contemplates. While there has long been recognized a presumption that properly mailed articles are received by the address-

ee,[7] *see, e.g., Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *Senerchia v. United States*, 154 F.Supp. 678 (D.R.I.1957); *In re Majors*, 19 B.R. 275 (Bankr.M.D.Tenn.1982) and *In re Heyward*, 15 B.R. 629 (Bankr.E.D.N.Y.1981), the party wishing the benefit of this presumption must first prove proper mailing. *See, e.g., Simpson v. Jefferson Standard Life Insurance Co.*, 465 F.2d 1320 (6th Cir.1972). To do so, this party must show that: (1) the letter was addressed properly; (2) sufficient postage was affixed to the letter; and (3) the letter was properly deposited in the mails. *Id. See also* 1A Wigmore on Evidence § 95 (1983) and 9 Wigmore on Evidence § 2519 (1981). Further, where letters are not returned to the sender, receipt or delivery is further presumed. *See, e.g., In re DePoy*, 29 B.R. 471 (Bankr.N.D.Ind. 1983) and *In re Torres*, 15 B.R. 794 (Bankr. E.D.N.Y.1981).

The Court finds that the Bank has sufficiently met its burden by the statements of counsel as set forth in his affidavit, which statements remain uncontroverted. To wit: "The complaint was sent by first class mail, postage pre-paid to the Bankruptcy Court ... to 1550 Main Street, Springfield, Massachusetts 01103.... [I]t was mailed ... [on] November 23, 1983." Further, counsel stated that the complaint was not returned to counsel; it was instead, filed in Worcester. While the Court is without specific memory, it has been this Court's practice to gather the mail addressed to the Bankruptcy Court while in Springfield, for time-stamping, docketing and filing, upon its return to Worcester. The Court can only assume that it in fact picked up the complaint on December 6, 1984 when it conducted hearings in Springfield and left it with the clerk's office in Worcester the following day. As set forth above, Bankruptcy Rule 5005(b) provides in part, that where a paper was "intended to be filed" but was "erroneously delivered", "[i]n the

---

6. Nothing in the Advisory Committee's Note to Rule 509(c), the predecessor rule, leads this Court to believe it was intended *only* to apply to misdelivered proofs of claims. *Cf. In re Ramsey*, 612 F.2d 1220 (9th Cir.1980).

7. The presumption is based on the likelihood that government officers will perform their entrusted duties. *See, e.g., In re Figueroa, supra.*

interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery." [8] *See In re Evanston Motor Co.*, 735 F.2d 1029 (7th Cir.1984). The Court finds that the above-captioned complaint was intended to be filed and was misdelivered, and therefore, the Court orders that the complaint be deemed filed as of November 25, 1983; two days being a reasonable time for the complaint to reach Springfield from Worcester.

## ORDER

In accordance with the above, the defendant's motion to dismiss is DENIED.

8. The Court is convinced that this case is factually distinguishable from *In re Ramsey, supra* for a number of reasons, including the fact that here it is easy to see why Bank's counsel, who has not appeared before this Court on a regular basis, was confused—it does not appear he ever received any document bearing the address of any court but the Springfield courthouse before the bar date expired.