In re Alan H. **GERBER** and Barbara S. Gerber, d/b/a **Keyboard 61** et al.

**MAPLEWOOD STATE BANK, Plaintiff,**

v.

**Alan H. GERBER, Defendant.**

**Bankruptcy No. 3–80–819.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 7, 1981.

Edward Lynch of Thuet, Lynch & Pugh, South St. Paul, Minn., for plaintiff.

Richard G. Nadler, St. Paul, Minn., for defendant.

## ORDER

JACOB DIM, Bankruptcy Judge.

1. By order of this Court, the last day to object to the dischargeability of a debt in the above bankruptcy was September 8, 1980. Plaintiff mailed a complaint objecting to the discharge of its debt on September 10, 1980. Plaintiff's counsel indicates that he had misread the notice and believed the last date to be September 18, 1980. The complaint was returned to plaintiff because it was filed late.

2. Plaintiff immediately brought this motion to extend the time to file a complaint to determine dischargeability.

3. Rule 409 of the Bankruptcy Rules, not being inconsistent with the Code, governs the procedure in determining dischargeability. Rule 409(a)(2) states that "[t]he court may for cause . . . extend the time fixed under this paragraph" for filing a complaint. Rule 409 must be read in light of the general provisions applicable to all rules in Part IX, where not inconsistent with the Code.

4. Rule 906(b) provides that after expiration of the specified period, an extension of time may be granted only if the reason for failing to act within the specified period "was the result of excusable neglect".

▇ 5. Rule 903 requires construction of the rules to secure a "just speedy, and inexpensive determination of every proceeding in bankruptcy". The Court's discretion in extending time for objections should be liberally construed. *In re Semel*, 427 F.2d 651 (3d Cir. 1970). The underlying purpose of the bankruptcy laws is a just administration of the debtor's estate which should not be hindered by a too technical application of the rules.

▇ 6. If excusable neglect is shown and there is a lack of prejudice to the opposing party and good faith is demonstrated on the part of the applicant, then the extension of time should be granted. "Excusable neglect should depend in part upon the importance of the matter involved and the prejudice, if any, to the other party". *In re Hart*, 7 CBC 479 (D.N.J.1975).

▇ 7. No prejudice can or has been shown to defendant. Plaintiff was in good faith in filing the complaint and in bringing on this motion at the first opportunity. Plaintiff's misreading of the notice constitutes excusable neglect, where, as here, the delay was only a matter of days.

Now Therefore, IT IS ORDERED and ADJUDGED that the motion of Maplewood State Bank to extend the time for it to file its complaint under 11 U.S.C. § 523 is granted, and it shall have 15 days from the date hereof to file its complaint.