In re Darrell E. WALLACE also known as Dean Wallace Roofing and Elizabeth A. Wallace, husband & wife, Debtors.

Bankruptcy No. 81–00140T(7).

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 5, 1981.

Alan M. Seltzer, Reading, Pa., for debtors.

William N. Stoyko, Reading, Pa., for creditors.

Ellis Brodstein, Reading, Pa., Trustee.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Presently before us in this case are the debtors' motions to dismiss: 1) a creditor's objection to debtors' application to avoid a judicial lien, and 2) the creditor's application for further time to make service of those objections. The debtors' latter motion raises questions regarding the doctrine of "excusable neglect." Because of our conclusion that the existence of excusable neglect shall permit an extension of time to serve the aforementioned objections, we are able to reach those objections on the merits. We conclude that those objections do not lie, and dismiss them.[1]

The facts of the instant case are as follows: In October of 1978, the Bank of Pennsylvania [hereinafter, the Bank] loaned the debtors $5,000. To secure repayment of the loan, the debtors executed a promissory note containing a confession of judgment clause. Judgment was entered against debtors on November 8, 1978 in the amount of $7,804.80, such amount representing the face amount of the loan and interest thereon. The docketing of the judgment created a lien against the real property of the debtor. 42 Pa.Cons.Stat.Ann. § 4303 (Purdon).

In January of 1981, the debtors filed a joint petition in bankruptcy seeking relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (1979). The debtors thereafter claimed as exempt, pursuant to 11 U.S.C. § 522(d)(1) (1979), their residence in the amount of $7,500. On February 20, 1981, the debtors filed an application to avoid the judicial lien of the Bank. Pursuant to Rule 203 of the Rules of Bankruptcy Procedure, the Clerk of the Bankruptcy Court mailed notice of the application to

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy procedure.

the Bank and other interested parties. That notice specified that any objection, or other responsive pleading, must be filed and served upon counsel for debtor within 10 days of the date of the notice. Counsel for the Bank filed objections[2] with the clerk within the 10 day period, but did not serve his objections upon debtors' counsel until after the deadline had expired.

A hearing was held on April 10, 1981, on the Bank's objections, at which time the debtors moved to dismiss the objections for failure to timely serve the objections on debtors counsel. A stipulation was entered reciting the pertinent facts regarding the late service of the objections. The court and both counsel discussed on the record the legal basis for debtors' motion to dismiss, and the case was taken under advisement pending receipt of briefs from both counsel. Counsel for the Bank thereafter made application for further time to serve their objections.

### I. BANK'S APPLICATION FOR EXTENSION OF TIME.

Bankruptcy Rule 906 controls the issue of the Bank's requested extension[3] of time to serve. It states in pertinent part:

*(b) Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect;

Bankr. Rule 906(b)(2).

■ The concept of excusable neglect has been construed to be a flexible doctrine, one in which courts look to the totality of circumstances in determining the propriety of granting an enlargement of time. *In re*

*Murphy*, 1 B.R. 736 (Bkrtcy.C.D.Cal.1979). In the absence of prejudice or surprise to the opposing party, and upon demonstrated good faith on the part of the applicant, the underlying policy that the Rules be construed to secure a "just, speedy and inexpensive determination of every proceeding in bankruptcy" indicates that excusable neglect be found. *In re Gerber*, 7 B.R. 910 (Bkrtcy.D.Minn.1981) (citing Bankruptcy Rule 903.)

■ We conclude that in this case, there has been no prejudice to the debtor, and that counsel for the Bank appears to have made a good faith attempt to serve counsel for the debtor within the prescribed time. Counsel for the Bank's failure to serve counsel for the debtors with the objections, in our opinion, constitutes excusable neglect, and the Bank's application for further time is granted. The objections are hereby deemed to have been properly served.

### II. THE BANK'S OBJECTIONS TO THE AVOIDANCE OF A JUDICIAL LIEN.

■ In its objections, Bank contends that the application of the Bankruptcy Code's lien avoidance provisions to its lien (obtained prior to the Code's effective date) is an unconstitutional taking without just compensation. This contention has been considered and rejected in this court's decision in *In re Burkholder*, Bankr.No. 80–0220 (Bkrtcy.E.D.Pa. May 21, 1981). We adopt the decision in *Burkholder* as dispositive of the constitutional challenge in this case,[4] and therefore dismiss Bank's objections.

---

2. The Bank's objections also contained a request for a hearing on the objections.

3. While the Bank's application speaks of an "extension" of time, the term employed by the Rules is "enlargement." We find no material distinction between the two terms in this case.

4. While *Burkholder* dealt with a lien obtained prior to the enactment of the Bankruptcy Code, we have not been presented with any more persuasive argument based upon the fact that this lien was obtained during the so-called "gap period."