**In re Jerry W. HINOTE, Debtor.**

**Bankruptcy No. 80–01490T(7).**

United States Bankruptcy Court,
E. D. Pennsylvania.

Sept. 2, 1981.

James W. Appel, Lancaster, Pa., for debtor.

James R. Leonard, Jr., Lancaster, Pa., trustee.

James N. Clymer, Lancaster, Pa., for Curtis.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This proceeding concerns an application for extension of time for filing a complaint to determine dischargeability of a debt, and raises the issue of the existence *vel non* of excusable neglect. For reasons hereinafter given, we conclude that the applicant has not established excusable neglect, and therefore, is not entitled to an extension of time.[1]

The facts of this case are as follows: In 1979, the debtor purchased a dairy farm from one Allen F. Curtis and his family[2] [hereinafter, Curtis]. Shortly thereafter, the debtor began experiencing financial difficulties, resulting in his filing a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (1979), on June 27, 1980. In the schedules accompanying his petition, the debtor listed Curtis as a creditor holding security.

On October 24, 1980, the clerk of the Bankruptcy Court notified all listed creditors and parties in interest of the First Meeting of Creditors to be held on November 6, 1980. That notice also specified November 26, 1980, as the final day for filing a complaint either objecting to discharge or to determine dischargeability of a debt. No complaints were filed by that deadline.

In December of 1980, Curtis dismissed his former attorney and retained present counsel. On March 5, 1981, Curtis filed an application for extension of time for filing complaint objecting to the debtor's discharge. The application sought an extension of time (pursuant to Rule 404(c) of the Rules of Bankruptcy Procedure) to file a complaint objecting to discharge, or alternatively, permission to file complaint *nunc pro tunc*. The debtor moved to dismiss the application on March 20, 1980, on the grounds that Curtis had not demonstrated "excusable neglect", and a hearing was scheduled and held on April 29, 1981 on the matter.

At that hearing, Curtis dropped his request to file a complaint objecting to the discharge, and agreed to limit his application to request an extension of time to file a complaint to determine the dischargeability of the debt to Curtis. The court approved, and consequently, we limit our discussion to the applicability of Rule 409(a)(2) and Rule 906(b) to the Curtis application.

In his application, Curtis alleges that he requested his former counsel to file a complaint to determine dischargeability well in advance of the November 26 deadline but that counsel neglected to file such a complaint. He alleges that he subsequently

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The sellers of the real estate, as listed on the schedules, are: Allen F. Curtis, Norma W. Curtis, Morrill A. Curtis, Melody Curtis, Richard A. Curtis, and Cecilia Curtis.

dismissed former counsel and retained present counsel, that he still desires to file a complaint to determine dischargeability, and has good cause to do so.

Rule 906(b) of the Rules of Bankruptcy Procedure[3] controls the issue of enlargement of time for filing a complaint to determine the dischargeability of a debt. The Rule limits the court's discretion to grant an enlargement in cases where an extension is sought after the deadline has passed to the extent that such an extension can be granted only upon a finding of excusable neglect.

Excusable neglect has been defined thus:

The words, "excusable neglect", are words of art, and are subject to the interpretation of the trier. This court has interpreted "excusable neglect" as meaning the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.

*In re Manning*, 4 BCD 304 (D.Conn.1978).

The many cases on the subject of excusable neglect seem to indicate that certain elements must appear, such as good faith by the party seeking enlargement, a reasonable basis for non-compliance, and a lack of prejudice to the opposing party, *In re Murphy*, 1 B.R. 736 (Bkrtcy.S.D.Cal.1979), but that the interest of expeditious administration of the case, *In re Gerber*, 7 B.R. 910 (Bkrtcy.D.Minn.1981) (citing Bankr. Rule 903), and a reluctance to penalize clients for the sins of their counsel, *Caruso v. Drake Motor Lines*, 78 F.R.D. 586 (E.D.Pa.1978), are factors properly considered. Many courts have indicated the Rule should be liberally construed, *see, In re Murphy, supra* at 739; 13 Collier on Bankruptcy ¶ 906.04[2] (14th ed. 1977) and excusable neglect is often described as a flexible concept, C. Wright and A. Miller, 4 Federal Practice and Procedure § 1165 (1969); *In re Murphy, supra* at 738.

We conclude that upon consideration of all the factors and events of this case, there has not been a sufficient showing of excusable neglect. While we are convinced that Curtis did request former counsel to file a complaint to determine the dischargeability in advance of the November 26 deadline, Curtis is ultimately the person responsible for the filing of such a complaint. After Curtis retained his present counsel in early January of 1981, there still was a three month delay until the instant application was made, for which no excuse was offered. Counsel for Curtis during this period filed several documents and instituted an adversary proceeding, and we do not believe attorney indifference or inattention is solely to blame for the delay in the instant matter. Therefore, we cannot conclude that Curtis has shown a reasonable basis for non-compliance. Moreover, we do not feel that Curtis has presented a suitable showing of lack of prejudice to the opposing party.

For all these reasons, and in light of the foregoing discussion, the Curtis' application for extension of time to file a complaint to determine dischargeability is denied.

---

**3.** Rule 906(b) of the Rules of Bankruptcy Procedure provides in pertinent part:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion . . . 2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect;

While Rule 409(a)(2) of the Rules of Bankruptcy Procedure is the rule which allows for an extension (AKA, enlargement) of time to file, a complaint regarding dischargeability, it is Rule 906(b) which provides the excusable neglect standard by which an extension must be determined. *See, In re Garchinsky*, 1 B.R. 203 (Bkrtcy.E.D.Pa.1979).