In re Michael Nelson ROSE and Sara Jeanette Rose, Debtors.

Steven GOLDSTEIN,
Trustee-Plaintiff/Respondent,

v.

Byron D. BEELER and Thomas G. Watkins, Defendants/Appellants.

No. 82–752C(2).

United States District Court,
E.D. Missouri, E.D.

Dec. 23, 1982.

David A. Lander, St. Louis, Mo., for trustee-plaintiff/respondent.

Edward J. Karfeld, St. Louis, Mo., for defendants/appellants.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this court on appeal from the decision of the Bankruptcy Court entered on April 18, 1982. The Bankruptcy Judge held in favor of the defendants on Count I of plaintiff's complaint, and rendered judgment in favor of the plaintiff in the sum of $7,904.64 on Count II. The parties have limited their appeal to issues relating to Count II of the complaint. The appellants contend that the Bankruptcy Judge erred in three respects: first, by not dismissing Count II for failure to state a claim upon which relief may be granted; second, by admitting into evidence over the defendants' objections, matters relating to whether there existed a preferential transfer under 11 U.S.C. § 547; three, by taking judicial notice after trial of the trustee's report contained in the debtors' bankruptcy file. In response to the appellants' arguments, the appellee contends that Count II states a cause of action for a post-petition transfer under 11 U.S.C. § 549, or in the alternative satisfies the basic requirements for a preferential transfer under 11 U.S.C. § 547. Furthermore, the appellee contends that the Bankruptcy Court did not err in admitting evidence of a preferential transfer, or in taking judicial notice of the trustee's report.

On September 29, 1980, the debtors Michael and Sara Rose filed their voluntary petition in bankruptcy. Prior to this date, on September 5, 1982, the defendants in this action sued the debtors in Okaloosa County, Florida for debts allegedly arising out of an investment agreement. This action was instituted by the issuance of a prejudgment garnishment against W. Ray Touchstone, Jr., who held property of the debtors in the form of proceeds resulting from the sale of Florida real estate formerly owned by the debtors. The parties agreed to stipulate that the writ was served on the same day that it was issued. On November 3, 1980 the Circuit Court of Okaloosa County, Florida stayed this action against the debtors in response to the filing of their petition in bankruptcy on September 29th. Nonetheless, despite the stay, the defendants and the debtors subsequently on December 9, 1980 entered into a stipulation providing for the transfer of the proceeds held by Mr. Touchstone, the garnishee, to the defendants. On December 12, 1980 the Florida Court dismissed the lawsuit and ordered payment of the proceeds in the amount of $7,904.64 to the defendants, pursuant to the stipulation of the parties.

On the basis of this record, the Bankruptcy Judge reasoned that in order to recover the proceeds for the estate, the plaintiff had to show the existence of a preferential transfer pursuant to 11 U.S.C. § 547(b) because the writ of garnishment was served prior to the date of bankruptcy. The Bankruptcy Court then concluded that the plaintiff successfully proved the existence of all five elements of a preferential transfer, and entered judgment in favor of the plaintiff and against the defendants on Count II. Although this court agrees with the final result reached by the Bankruptcy Judge, it does not concur with the Court's method of reaching that result. On the basis of the record on appeal it is the conclusion of this court that the trustee may avoid the transfer of proceeds pursuant to 11 U.S.C. § 549, despite the date of the service of the prejudgment garnishment.

11 U.S.C. § 549 provides a trustee with the authority to avoid any transfer of property of the estate that occurs after the commencement of the case and is not au-

thorized by statute or by the writ. The word "transfer" has been construed broadly under the Act and has been defined to include every method of disposing of or parting with property or its possession.[1] 2 *Collier on Bankruptcy,* § 101(40). Therefore there is authority for the proposition that the definition of transfer is broad enough to include a judicial proceeding that fixes a lien upon the property of a debtor. *In Re Burnham,* 12 B.R. 286 (D.Ga.Bkrtcy. 1981). As a general rule, the service of a writ of garnishment creates an inchoate lien on the property of the debtor to secure payment on the date of service of the summons upon the garnishee. *In Re Wallace,* 12 B.R. 938 (D.Minn.Bkrtcy.1981). However, courts have held that the date of judgment established the date of transfer rather than the date the writ was served because a judgment perfects the lien, unless judgment was rendered prior to service. *In Re Wallace, supra; In Re Burham, supra.* More importantly, it is clear that the transfer of proceeds pursuant to a writ of garnishment constitutes a separate and distinct transfer of property of the debtor to a creditor, the relevant date of transfer being the day the payment of money took place. *In Re Devault Mfg. Co.,* 1 B.R. 710 (E.D.Pa. Bkrtcy.1979).

Applying the above principles to the facts presented by this appeal it must be concluded that the transfer of the proceeds to the defendants constituted a post-petition transfer that can be avoided by the trustee pursuant to 11 U.S.C. § 549. In this case, the actual transfer of the proceeds took place after the filing of the bankruptcy petition in accordance with a voluntary agreement between the defendants and the debtors. Furthermore, the garnishment in this action was a prejudgment garnishment, which weakens the argument that the date of the transfer is the date of its issuance or service.

Accordingly, the appeal of the defendants to overrule the Bankruptcy Judge's judgment in favor of the plaintiff in the sum of $71904.64 on Count II of the complaint will be denied. In view of this court's holding that the transfer of the proceeds constitutes a post-petition transfer which can be avoided by the trustee pursuant to 11 U.S.C. § 547, it is unnecessary to reach the appellants' additional arguments of error.

---

1. 11 U.S.C. § 101(40) provides that "transfer" means every mode, direct, or indirect, absolute or conditioned, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.