**In re Daniel H. OVERMYER, Debtor.**

**Bankruptcy No. 82 B 20329.**

United States Bankruptcy Court,
S.D. New York.

May 3, 1983.

Reich & Reich, White Plains, N.Y., for debtor.

Stephen D. Hobt, Cleveland, Ohio, Trustee of Hadar Leasing Intern. Co., Inc.

## DECISION ON MOTION FOR ORDER REOPENING TIME TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 11 trustee of Hadar Leasing International Company, Inc. (Hadar) seeks to reopen the time to file a complaint under Code § 523 to determine the dischargeability of the debt owed to Hadar by this Chapter 7 debtor, Daniel H. Overmyer.

On May 29, 1982 the debtor filed his petition with this court under Chapter 7 of the Bankruptcy Reform Act of 1978. September 3, 1982 was fixed by this court as the last day to file objections to discharge under Code § 727 and complaints to determine dischargeability of debts under Code § 523. This date was extended with respect to objections to discharge under Code § 727 at the request of the debtor's trustee in bankruptcy and The First National Bank of Boston (FNBB), a creditor in this case. FNBB also obtained extensions of time for itself and D.H. Overmyer Telecasting Co., Inc. (Telecasting) to file complaints under Code § 523 with respect to dischargeability of debts. See *In re Overmyer,* 24 B.R. 437 (Bkrtcy.S.D.N.Y.1982), affirmed, D.C.S.D. N.Y., April 18, 1983, (83 Civ. 0029). No extension of time for filing complaints under Code § 523 was ever sought by or on behalf of Hadar prior to the September 3, 1982 expiration date. Hadar is also a corporation that was controlled by the debtor and formerly known as Overmyer Trucking Company. See *In re D.H. Overmyer Telecasting Co., Inc.,* 23 B.R. 823 (Bkrtcy.N.D. Ohio 1982).

Hadar originally filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Southern District of New York on March 27, 1981. The case was subsequently transferred to the North-

ern District of Ohio at the request of Tele-casting. See *In re Hadar Leasing International Co., Inc.,* 14 B.R. 819 (D.C.S.D.N.Y. 1981). On January 25, 1982, at a hearing set by the Bankruptcy Court for the Northern District of Ohio, the Hadar creditors' committee was authorized to retain the services of Paul Morrison, Esq. as attorney for the committee. On October 13, 1982, one month after the expiration of the September 3, 1982 bar date with respect to the filing of complaints objecting to the dischargeability of debts owed by the Chapter 7 debtor, Daniel H. Overmyer, Harry W. Greenfield, Esq., the attorney for the Hadar debtor in possession, applied to the Bankruptcy Court for the Northern District of Ohio for authority to permit and instruct the Hadar creditors' committee to pursue a nondischargeability complaint in this court against the Chapter 7 debtor, Daniel H. Overmyer. The application was not granted. Mr. Greenfield also states in his affidavit submitted to this court in support of the Hadar trustee's motion to reopen the time to file dischargeability complaints that he also requested authority from the Bankruptcy Court for the Northern District of Ohio to proceed in this court on behalf of Hadar against the Chapter 7 debtor, Daniel H. Overmyer. In view of the fact that the attorney for the Hadar debtor in possession had no instructions from his client with regard to this point, his application was denied.

On November 12, 1982, two months after the expiration of the September 3, 1982 bar date with regard to the Chapter 7 debtor in this court, the Hadar creditors' committee applied to the Bankruptcy Court for the Northern District of Ohio for the appointment of a trustee in the Hadar Chapter 11 case. On January 3, 1983, the Bankruptcy Court for the Northern District of Ohio appointed Stephen D. Hobt trustee in the Hadar Chapter 11 case. Thereafter, upon reviewing the facts in the Hadar Chapter 11 case in Ohio and the proceedings in the Chapter 7 case in this court, the Hadar trustee moved to reopen the time to file a dischargeability complaint under Code § 523 against the Chapter 7 debtor, Daniel

H. Overmyer, on the ground that the failure to file a timely complaint "was due to excusable neglect and to the influence the Debtor herein exercised over the Movant during the entire period for the filing of said complaint . . . ."

## DISCUSSION

This is not a case where a distinction should be drawn between the rights of a prepetition debtor and those of a postpetition trustee, where the courts have said that a trustee or debtor in possession is a different entity from the prepetition debtor. See *In re Kevin Steel,* 519 F.2d 698 (2nd Cir.1975); *In re Bildisco,* 682 F.2d 72 (3rd Cir.1982), cert. granted, —— U.S. ——, 103 S.Ct. 784, 74 L.Ed.2d 992 (1982). Here, Hadar's trustee enjoys the same rights as those of the postpetition debtor in possession. The September 3, 1982 bar date for filing objections to discharge and the dischargeability of debts owed by this debtor, Daniel H. Overmyer, expired while Hadar was operating as a debtor in possession and at a time when a creditors' committee functioned with the assistance of a duly authorized attorney for the committee. Although it has been found that Mr. Overmyer's control over Hadar was "All Encompassing", *In re D.H. Overmyer Telecasting Co., Inc.,* supra, there remains a question as to whether Hadar's creditors' committee had an obligation to file an objection to Daniel Overmyer's discharge or the dischargeability of his debts on behalf of Hadar, or at least to extend the deadline within which to do so. Understandably Hadar, as an Overmyer-controlled entity, would be reluctant to file a dischargeability complaint against Mr. Overmyer personally after he filed his own Chapter 7 petition with this court. Now that a trustee has been appointed for Hadar who wishes to reopen the dischargeability bar date, it must be determined whether the trustee should be bound by the failure of the Hadar creditors' committee to file a dischargeability complaint in this case on behalf of Hadar or to obtain a timely extension of the time to file such a complaint.

Generally, those courts which have recognized the standing of a creditors' committee to sue on behalf of a debtor who has failed or refused to take such action have done so within the framework of an assertable right under certain conditions and not within the context of an obligation or duty imposed upon the committee. *In re Monsour Medical Center,* 5 B.R. 715 (Bkrtcy.W.D. Pa.1980); *In re Joyanna Holitogs, Inc.,* 21 B.R. 323 (Bkrtcy.S.D.N.Y.1982). Indeed, where the trustee or debtor in possession has already initiated an adversary proceeding, the creditors' committee has an absolute right to intervene as a party in interest under Code § 1109(b). *In re Marin Motor Oil, Inc.,* 689 F.2d 445 (3rd Cir.1982). However, the recognition of a creditors' committees' standing to take affirmative action on behalf of a debtor under certain circumstances does not mean that the creditors' committee is also burdened with the correlative duty of always having to take such action or be faulted for its failure to do so. Surely a creditors' committee in a specific Chapter 11 case, whose attention is focused upon the debtor's financial affairs, should not be regarded as neglectful if it fails to keep apprised of procedural deadlines in another bankruptcy case involving a different debtor. Hence, in reviewing the Hadar trustee's application to reopen the dischargeability bar date no significance will be attached to the fact that the creditors' committee in the Hadar case did not apply on behalf of the Hadar debtor in possession to extend the bar date in this case. Therefore, the basic question is whether or not this debtor's control over Hadar during the period ending on September 3, 1982 is sufficient reason for reopening the dischargeability bar date for the benefit of the Hadar trustee, who was appointed two months later.

## EXCUSABLE NEGLECT

Bankruptcy Rule 409 is made applicable under Interim Rule 4003 in cases filed under Chapter 7 of the Bankruptcy Code with respect to the time for the filing of dischargeability complaints, except that reference to Section 17c(2) of the former Bank-

ruptcy Act of 1898 is eliminated in favor of § 523(c) of the current Bankruptcy Code. Bankruptcy Rule 409(a)(2) provides, as follows:

"(2) Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed. The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph."

The discretionary authority for enlarging the time prescribed in Bankruptcy Rule 409 is expressed in Bankruptcy Rule 906(b), in pertinent part as follows:

"(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where *the failure to act was the result of excusable neglect . . . .*" [Emphasis added].

The phrase "excusable neglect" is not defined in the Bankruptcy Code. However, it has been held that the determination as to the existence of excusable neglect in failing to file a complaint challenging the

dischargeability of an individual debt should be evaluated under the liberal standards applied to Bankruptcy Rule 924 and Fed.R.Civ.P. 60(b), where default judgments may be reopened within one year. *In re Magouirk,* 693 F.2d 948 (9th Cir.1982). This point was expressed in the *Magouirk* case, supra at page 351, as follows:

"We note that other bankruptcy courts, in applying a liberal definition of 'excusable neglect,' in ruling on a Rule 404 or related motion, have considered a broad range of factors: (1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect. See *Matter of Heyward,* 15 B.R. 629 (Bkrtcy.E.D.N.Y.1981); *In re Hinote,* 13 B.R. 874 (Bkrtcy.E.D.Pa. 1981); *In re Klayer,* 13 B.R. 542 (Bkrtcy. W.D.Ky.1981); *In re Wallace,* 12 B.R. 938 (Bkrtcy.E.D.Pa.1981); *In re Gerber,* 7 B.R. 910 (Bkrtcy.D.Minn.1981). Application of these factors is especially appropriate in the context of an objection to the discharge of an individual debt. Consideration of the merits of the complaint for discharge of the individual debt would not delay the administration of the assets of the estate, the distribution to creditors or any general discharge. A decision on the merits of Fasson's complaint would only determine whether Fasson is able to proceed against the debtor to collect its individual debt despite any general discharge."

The debtor, Daniel H. Overmyer, argues that the concept of excusable neglect should not apply in this case because Hadar did not neglect to file a complaint seeking a determination of Overmyer's debts to Hadar; the omission was deliberate. Obviously there was no incentive for Hadar, an Overmyer-controlled entity, to question the dischargeability of Overmyer's debts until the control of Hadar was turned over to a court appointed trustee in Hadar's Chapter 11

case. Therefore, those cases which hold that a conscious and deliberate failure to act precludes the application of the concept of excusable neglect are not applicable to the facts in this case. See *Federal's Inc. v. Edmonton Investment Co.,* 555 F.2d 577 at 583 (6th Cir.1977); *In re Hall,* 15 B.R. 913 (BAP–9th Cir.1981). See also *In re Emergency Beacon Corp.,* 666 F.2d 754, 758–759, (2nd Cir.1981).

■ It would be inequitable and unjust to bar Hadar's trustee from having his day in court and litigating the merits of his claim against Daniel H. Overmyer for the benefit of the creditors of Hadar merely because the dischargeability bar date expired before the trustee was appointed. It is precisely this type of action that should be undertaken by a trustee in a Chapter 11 case after a bankruptcy court has determined that cause existed for the transfer of control from the erstwhile debtor in possession to a Chapter 11 trustee pursuant to Code § 1104. Indeed, the objectionable control of Hadar, which justified the appointment of a Chapter 11 trustee, should not now serve as the basis for preventing the application of the doctrine of excusable neglect. The neglect that prompted the appointment of the trustee may not be used as a weapon to counter the trustee's performance of his required duties.

An extension of time for the trustee to file a dischargeability complaint will not prejudice the debtor nor will it delay the administration of this case because other creditors have already been granted similar relief. The trustee acted promptly after his appointment and in good faith for the benefit of the creditors of Hadar, who should not be penalized for Hadar's failure to seek this relief before the transfer of control to the trustee. Hence, all of the five factors delineated in *In re Magouirk* supra, for the application of the liberal definition of excusable neglect have been met in this case.

## CONCLUSIONS OF LAW

The trustee's application to reopen the time for him to file a complaint against the

debtor bottomed on Code § 523 is granted. Such complaint shall be filed, if at all, by May 31, 1983.

SUBMIT ORDER on notice.