Paul J. Durbin, Honolulu, Hawaii, for Pan American.

Robert W. Hall, Honolulu, Hawaii, pro se.

**In re Robert Whitney HALL, Debtor.**

**PAN AMERICAN WORLD AIRWAYS, INC., Plaintiff,**

v.

**Robert W. HALL, Defendant.**

**Bankruptcy No. 82–00603.**
**Adv. No. 83–0033.**

United States Bankruptcy Court, D. Hawaii.

April 26, 1984.

### ORDER GRANTING MOTION TO SET ASIDE ORDER DISMISSING ADVERSARY COMPLAINT

JON J. CHINEN, Bankruptcy Judge.

On February 10, 1983, Pan American Airways (hereafter "Plaintiff"), filed the instant adversary action, a Complaint to Determine Dischargeability of Debt. After various preliminary procedural documents were filed, Debtor filed pro se on May 10, 1983, an Amendment to Answer and Mo-

tion to Dismiss. The Motion to Dismiss was set for hearing on August 12, 1983, at which time Debtor appeared pro se but no one appeared for Plaintiff. On December 14, 1983, the Court entered herein an Order Dismissing the Adversary Complaint, on the grounds of Plaintiff's nonappearance at the above hearing and on December 23, 1983, Plaintiff filed a Motion to Set Aside the Order Dismissing the Adversary Complaint. A hearing on said motion was held on January 23, 1984, at which time Robert W. Hall, Debtor, appeared pro se and Paul J. Durbin, Esq., appeared for plaintiff.

In support of the Motion to Set Aside the Order Dismissing the Adversary Complaint, Mr. Durbin based his argument on two related issues:

1. That service had not been properly made due to lack of service on Mr. Oliner, lead counsel for Plaintiff and also due to the lack of notification to Plaintiff of the substitution of Debtor's pro se status for former counsel for Debtor;

2. That the above factors and the illness of Mr. Durbin's secretary resulting in Mr. Durbin's nonappearance constituted excusable neglect.

The Court took the matter under advisement and requested memoranda from the parties by March 23, 1984 on the issues of (1) proper notice and (2) excusable neglect.

The Court having received and reviewed the requested memoranda and being fully apprised of the record and the argument of counsel finds for the reasons hereafter stated that the Plaintiff's Motion to Set Aside the Order Dismissing Adversary Complaint should be granted.

First, the Court notes that in his Memorandum in Opposition to the Motion of Plaintiff to Set Aside Order Dismissing Complaint and to Hear Motion of Debtor on its Merits, Debtor does not address the issues of notice and inexcusable neglect but rather argues various grounds which relate to the merits of his Motion to Dismiss and his Objection to the Plaintiff's proof of claim in Debtor's bankruptcy proceeding.

Plaintiff argues, however, this Court must follow the ruling of the Ninth Circuit Court of Appeals in *In Re Magouirk*, 693 F.2d 948 (9 C.A., 1982), in applying a liberal interpretation of the excusable neglect standard when the order from which relief is requested has the effect of foreclosing trial on the merits. This Court concurs.

Under this liberal interpretation, this Court finds that sufficient questions of notice and circumstances beyond the control of counsel for the Plaintiff are presented to constitute excusable neglect, liberally applied. Counsel for Plaintiff is correct in that notification was not given of Debtor's pro se status and the termination of previous counsel for Debtor; the New York counsel was not served even though he had appeared as lead counsel and the lack of local bankruptcy procedural rules regarding out-of-state counsel further clouds this issue; the court is also aware of the profusion of complicated, and at times unintentionally procedurally incorrect or misleadingly labeled filings which debtor has unintentionally filed pro se. These factors are sufficient in the instant case to constitute excusable neglect.

Having reached this point, the Court notes the various factors considered by the Ninth Circuit in *Magouirk*, supra at 951, and other courts in applying a liberal interpretation of excusable neglect:

(1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect. See *Matter of Heyward*, 15 B.R. 629 (Bkrtcy.E.D.N.Y.1981); *In re Hinote*, 13 B.R. 874 (Bkrtcy.E.D.Pa.1981); *In re Klayer*, 13 B.R. 542 (Bkrtcy.W.D. Ky.1981); *In re Wallace*, 12 B.R. 938 (Bkrtcy.E.D.Pa.1981); *In re Gerber*, 7 B.R. 910 (Bkrtcy.D.Minn.1981).

The debtor herein will not be prejudiced by a delay since a trial set for July 30, 31,

and August 6, 7, 8, 1984 on the debtor's objection to plaintiff's claim will involve a consideration of the merits of this action. As discussed earlier, the Court finds that the factors leading to the nonappearance of either of Plaintiff's counsel at the hearing are sufficient to constitute excusable neglect. The determination in August of the validity of creditor's claim will allow debtor the opportunity to raise issues as to the good faith of creditor. If creditor prevails in overcoming debtor's objection to its claim, creditor would then be prejudiced if denied the opportunity herein to have its claim deemed nondischargeable.

There are two issues in the overall dispute between debtor and plaintiff herein: (1) whether there is a debt and (2) whether the debt is dischargeable. The grounds upon which debtor opposes the instant motion and upon which debtor relied in this Motion to Dismiss herein are the same as those raised in the objection to claim. The trial in August will resolve the first issue. If plaintiff prevails, he is then entitled to further pursue the Complaint herein.

The Motion to Set Aside Order Dismissing Adversary Complaint is hereby granted.