**In re Gary SELF, Debtor,**

**Alan Ernest WELCH, Plaintiff,**

**v.**

**Gary SELF, Defendant,**

**Bankruptcy No. 92–24089 SMW. Adv. Nos. 92–1164–BKC–SMW–A, 93–0131–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

May 25, 1993.

Michael Lukasievich, P.A., Fort Lauderdale, FL, for plaintiff.

Ledford A. Parnell, Jr., Lauderhill, FL, for defendant-debtor.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge, Sitting by Designation.

The Court has before it for determination the Motion of the Plaintiff, ALAN ERNEST WELCH, for Relief from an Order of Dismissal, For Enlargement of Time and Complaint to Revoke Discharge of Debtor and/or Motion To Amend Adversary Complaint to Add Claim To Revoke Discharge.

This Motion was argued by the attorneys for the respective parties, and a time was fixed by the Court for the filing of supporting memoranda. The attorney for the Plaintiff has complied. Due to the untimely death of the wife of the defendant's attorney in an automobile accident the time for filing a memorandum in behalf of the Defendant was extended twice by the Court. This time has now expired and there was no compliance. Accordingly, the Court will proceed with a determination on the basis of the record before it.

The Plaintiff predicates his right to relief on Federal Bankruptcy Rule 9024(b)(1), made applicable by F.R.Civ.P. 60(b) and which, in pertinent part, reads as follows:

Mistake, Inadvertence, Excusable Neglect ... On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ...

The records in this Case show that the Court by Order dated 9–24–92 fixed 12–21–92 as the deadline for filing a complaint

objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Types of Debts.

On October 9, 1992 the Plaintiff as Creditor filed an objection to dischargeability in motion form which the Court denied at the hearing set by the Plaintiff's counsel on the grounds that such objection should be made by a complaint filed in an adversary proceeding. In accordance with this ruling an adversary proceeding was filed by the Plaintiff and was dismissed on January 11, 1993 because of the failure of the Plaintiff to appear at the hearing date and time assigned. The failure to appear resulted from the inadvertence of the Defendant's attorney in calendaring the hearing for the week after the hearing was scheduled.

After dismissal the Plaintiff filed a motion to set aside dismissal and to reset trial and for a rehearing. This motion was considered by the Honorable Harry C. Dees, Jr. of South Bend, Indiana sitting in the United States Bankruptcy Court for the Southern District of Florida by Special Designation and on February 4, 1993 Judge Dees entered the following Order:

"This matter is before the court on Plaintiff's MOTION TO SET ASIDE DISMISSAL AND TO RESET TRIAL AND FOR REHEARING ("Motion") filed on January 19, 1993.

"The court, having reviewed the same, now finds that the reasons set forth in Plaintiff's Motion are not excusable neglect therefore the Motion is denied. SO ORDERED"

This Order was entered ex parte at South Bend, Indiana without a hearing.

After the entry of Judge Dees' Order on February 4, 1993 the Plaintiff did on February 11, 1993 file a second adversary proceeding against the Defendant–Debtor. By Motion filed March 12, 1993 the Debtor requests a dismissal of the Plaintiff's Complaint filed February 11, 1993.

The Debtor was discharged by Order entered 1–5–93.

The Plaintiff's complaint to determine dischargeability is predicated upon the defendant's misappropriation of the sum of $32,000.00 which was turned over to him by the Plaintiff to be used in satisfaction of a divorce settlement.

The Defendant was a practicing attorney in the State of Florida and represented the Plaintiff in his divorce action. He also represented a number of other clients who turned money over to him to be used for certain purposes. However, in violation of his trust the Defendant misappropriated the funds turned over to him by these clients and, as a result of such conduct, the Defendant was first suspended and then disbarred by the Florida Supreme Court upon the recommendation of a Referee dated June 29, 1992 with the disbarment to become effective mime pro tunc June 28, 1991.

The Report of the Referee specifically refers to the misappropriation of the $32,-000.00 by the Defendant which was turned over to him "for the specific purpose of satisfying the terms of the mediated settlement."

Referring to the defendant as the Respondent in the disbarment proceedings the Referee concluded the following:

"Respondent negotiated the $32,000.00 check given to him by Welch for the specific purpose, as aforesaid, and used the proceeds thereof for his own purposes, which purposes had no nexus or connection to the specific purpose for which such funds were entrusted to him. The misappropriation by Respondent of the $32,000.00 for his own purposes was without Welch's knowledge or consent."

Based on the foregoing it would appear that the Plaintiff could establish that the debt of $32,000.00 was excepted from discharge pursuant to § 523(a)(2)(A), (4) and (6) and particularly under (4) which excepts from a discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. However, before the Plaintiff is permitted to establish such an exception for discharge he must convince the Court that the Order of Judge Dees entered February 4, 1993 denying the Plaintiff's Motion To Set Aside Dismissal and for rehearing and his finding that the reasons set forth in Plaintiff's

Motion are not reasonable neglect is not justified and is not binding on the Plaintiff.

The Plaintiff has inundated the Court with a plethora of cases which tend to support his position as to mistake, inadvertence, excusable neglect under Federal Bankruptcy Rule 9024(b)(1). Cases from the Ninth Circuit are especially supportive. See *Schwab v. Bullock's Inc.* (CCA–9th Cir.) 508 F.2d 353 (1974); *In re Magouirk* (C.C.A. 9th Cir.) 693 F.2d 948 (1982).

In *Schwab* the Court pointed out at page 355 that while the district judge has discretion to grant or deny a 60(b) motion to vacate a default judgment, that discretion is limited by three considerations. First, Rule 60(b) is remedial in nature and therefore must be liberally applied. Second, default judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits. Third, and as a consequence of the first two considerations, where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any should be resolved in favor of the motion to set aside the judgment so that cases may be decided on the merits. (Rule 60(b) is made applicable to bankruptcy proceedings.) See Federal Bankruptcy Rule 9024.

*In re Magouirk*, supra, is directly in point. In this case the last day for the filing of complaints to determine dischargeability of debts was July 16, 1980 and August 13, 1980 was fixed as the last day for objections to general discharge. The attorney for the scheduled creditor misread or misrecorded the notice and assumed that August 13 was the last day to file the complaint. The creditor's complaint filed August 11 was dismissed as untimely on August 15.

The *Magouirk* Court recognized the difference between construction of "excusable neglect" under Bankruptcy Rule 802 which governs the time for filing notice of appeal and under Bankruptcy Rule 9024 (924) incorporating F.R.Civ. 60(b). Under Rule 802 "excusable neglect" is very strictly construed and requires (1) a finding that the party failed to learn of the entry of the judgment, or (2) a finding of extraordinary

circumstances, where excusing the delay is necessary to avoid an injustice. However, under Rule 9024 (F.R.Civ. 60(b) "excusable neglect" is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim.) *Citing Schwab v. Bullock's Inc.*, supra; *Patapoff v. Vollsted's, Inc.* 267 F.2d 863, 865 (9th Cir.1959).

*See also In re Hall* (Bkrtcy.D.Hawaii 1984) 39 B.R. 43 in which the liberal interpretation of excusable neglect was applied and the court noted that in *Magouirk*, supra, at page 951 the various factors considered in its liberal interpretation of excusable neglect were:

(1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect.

And in *Lunderville v. Allen* (2d Cir.1966) 366 F.2d 445 a default judgment entered by the District Court below was vacated with the Court observing:

"in order to prevent a possible miscarriage of justice, in this particular case it is desirable to afford appellant an opportunity to defend plaintiff's complaint on the merits."

In his memorandum in support of his motion for relief from order of dismissal the Plaintiff points out that it was filed on January 13, 1993 with a blank notice of hearing transmitted to the Court. This notice was never returned with the result that Judge Dees acted on the motion, ex parte, and entered the order denying the motion while sitting in South Bend, Indiana. This Court is aware of the problems which may arise in transmitting pleadings from the Bankruptcy court in Miami to the situs of a visiting judge. Without the benefit of a memorandum with cases supporting the Plaintiff's position as to "excusable neglect," Judge Dees would be justified in reaching the conclusion that the

reasons set forth in Plaintiff's motion was not excusable neglect. Under the circumstances this Court would have reached the same conclusion. However, the Plaintiff's memorandum makes a compelling argument that the Plaintiff is entitled to relief. In applying the rationale cited by the Plaintiff this Court is convinced that a miscarriage of justice would result if the Plaintiff were not given the opportunity to try the case on the merits. It would be tantamount to penalizing the Plaintiff for his counsel's mistake in calendaring the date of hearing. Such an injustice should be avoided especially because the Plaintiff has such a strong case on the merits and a delay would not unduly prejudice the Defendant/Debtor.

Accordingly, in the exercise of its discretion, the Court concludes that the failure of the Plaintiff's attorney to cover the hearing on the date scheduled constitutes excusable neglect within the purview of Federal Bankruptcy Rule 9024 (F.R.Civ. 60(b)).

## ORDER

Upon the foregoing, IT IS ORDERED:

(1) The Debtor's Motion To Dismiss with prejudice the Adversary Proceeding filed by the Plaintiff, ALAN ERNEST WELCH, on March 12, 1993 is DENIED.

(2) The Motion of the Plaintiff for relief from the Order of Dismissal signed by Judge Dees on February 4, 1993 is GRANTED.

(3) The Motion of the Plaintiff to Enlarge the Time for the filing of the Adversary Proceeding to determine dischargeability is GRANTED so that the Plaintiff may be given an opportunity to a hearing on the merits. As to this the Plaintiff shall notify the Clerk of this Court within 10 days of the docketing of this Order that he is requesting a hearing on the complaint filed on February 11, 1993 in the second adversary proceeding.

(4) The Discharge of the Bankruptcy entered 12/21/92 is hereby REVOKED as it pertains to the debt to the Plaintiff which has been made the subject matter of the Adversary Proceeding filed February 11, 1993.

This Order is made with prejudice.