In re Charles William KLAYER, Debtor.

FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

Charles William KLAYER, Defendant.

Bankruptcy No. 3–80–02150.
Adv. No. 3–80–0505.

United States Bankruptcy Court,
W. D. Kentucky.

July 6, 1981.

Charles W. Klayer, pro se.

Samuel Manly, Louisville, Ky., for plaintiff.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of the debtor, Charles W. Klayer, pro se, to dismiss plaintiff's complaint as untimely filed. In response the plaintiff, Federal Deposit Insurance Corporation (F.D.I.C.), has filed a motion for leave to file its complaint out of time.

The facts as they pertain to the issue in question are not in dispute and may be summarized as follows:

On or about July 25, 1980, Charles W. Klayer filed a voluntary petition in bankruptcy under Chapter 7 of Title 11 of the United States Code.

The Court issued an order dated August 5, 1980, setting the date of the meeting of creditors for August 26, 1980, and further setting November 26, 1980, as the last date for filing objections to discharge and for filing complaints alleging nondischargeability under 11 U.S.C. § 523.

The plaintiff was listed as a creditor pursuant to the bankruptcy petition and it is assumed that notice was mailed to the address listed on that petition. It is undisputed that the counsel for the plaintiff actually received notice as an individual creditor at a later date.

The plaintiff, by counsel, filed a complaint alleging nondischargeability of debt pursuant to § 523 and objecting to discharge of the debtor pursuant to § 727 of the Code, as well as other grounds. This complaint was filed during normal business hours on November 26, 1980, the last date for filing such complaints as stated in the Court order of August 5, 1980.

At a pre-trial conference on the complaint on December 19, 1980, the debtor orally asserted that the complaint was untimely filed by virtue of the fact that the date set in the Court order was in fact

ninety-two (92) days after the first date set for the meeting of creditors. In response, the creditor alleges reliance on the date indicated in the Court order and filed the complaint within the time limit prescribed by the Court.

Rule 404(a) and (c), Rules of Bankruptcy Procedure, sets forth the time requirements for filing a complaint objecting to a debtor's discharge pursuant to § 727 of the Bankruptcy Code, as follows:

(a) *Time for Filing Complaint Objecting to Discharge.* The court shall make an order fixing a time for the filing of a complaint objecting to the bankrupt's discharge under § 14c of the Act. The time shall not be less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors.

(c) *Extension of Time.* The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

Interim Rule 4002 modifies Rule 404 to only a slight extent by providing that Bankruptcy Rule 404 applies in cases filed under Chapter 7, Liquidation, of the Bankruptcy Code except that the references to § 14(c) of the Act shall be read as references to § 727(a) of the Code.

Similarly, Rule 409(a)(2), Rules of Bankruptcy Procedure, sets forth the time requirements for filing a complaint to determine dischargeability of a particular debt pursuant to § 523(c) of the Bankruptcy Code as follows:

(2) *Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

Interim Rule 4003 modifies Rule 409(a)(2) by changing the reference to § 17(c)(2) of the Act to read as a reference to § 523(c) of the Code.

Both Rule 404(c) and the last sentence of Rule 409(a)(2) confer discretionary power on the court to extend the time for filing complaints, but neither rule sets forth a standard to be applied in determining whether an extension should be granted. Rule 906(b), Rules of Bankruptcy Procedure, however, does establish the standard of excusable neglect to be applied in considering out-of-time requests for enlargement of time by which an act must be done generally, as follows:

(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time* for taking any action under Rules 107(b)(2), 115(b)(4) . . . 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them. (Emphasis added.)

■ While courts have generally unlimited discretion under Rule 906(b)(1) to grant extensions of time for the performance of certain specified acts when application therefor is made prior to the expiration of the time provided, the same is not true where the application is made for an extension of time after the original time has expired. See *In Re Gentry*, 1 C.B.C. 433 (W.D.Va.1974); *In Re McFarland*, 4 C.B.C. 77 (W.D.Wis.1975); and *In Re Goode*, 6 B.C.D. 70 (W.D.Va.1980).

■ It would appear that Rule 906(b) should be read in conjunction with, and as

limiting the court's discretion under Rule 404(c) and Rule 409(a)(2). The Advisory Committee's Notes to both Rules 404 and 409 make reference to Rule 906(b). *Collier on Bankruptcy* discusses application of Rule 906(b) to requests for extension of time under Rule 404(c), stating:

> "The conferral of this discretionary power of Rule 404(c) is not an open-ended grant, for the Advisory Committee Note shows, its exercise must be in keeping with the limitations of Rule 906(b) on enlargement of time within which actions must be taken under an order or notice." 12 *Collier on Bankruptcy* ¶ 404.4 (14th Ed. 1976).

See also *Keenan v. Builders Appliances, Inc.*, 384 F.Supp. 14, 15 (E.D.Wis.1974), applying Rule 906(b)(2) to a request under the Bankruptcy Act for an extension of time to object to discharge; and *In Re Anderson*, 5 B.R. 47, 2 C.B.C.2d 616 (N.D.Ohio 1980), applying Rule 906(b)(2) to a request under the Bankruptcy Code for an extension of time to object to discharge.

There is no reason why the limitations of Rule 906(b) should not similarly be applicable to Rule 409(a)(2). See *In Re Fulton*, 3 B.R. 600, 604 (Bkrtcy.E.D.Mich.1980), applying Rule 906(b)(2) to a request under the Bankruptcy Act for an extension of time to determine dischargeability; and *In Re Goode, supra*, at 71, applying rule 906(b)(2) to a request under the Bankruptcy Code for an extension of time to determine dischargeability.

Rule 906(b)(2) requires a showing of excusable neglect to permit an enlargement of time after the originally specified period has expired. "Excusable neglect" has been defined in the case of *Beneficial Finance Company of Hartford v. Manning*, 4 B.C.D. 304 (D.Conn.1978), in the following language:

> "The words 'excusable neglect' are words of art, and are subject to the interpretation of the trier. The court has interpreted 'excusable neglect' as meaning the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Id.* at 305.

An "extension will not be granted where the delay could have been prevented by the diligence of the party. Ordinary negligence is not enough." *In Re Starkey*, 1 C.B.C. 138, 142 (W.D.Wis.1973). Excusable neglect is a flexible concept which requires a showing of good faith by the party seeking an extension of time, a reasonable basis for the noncompliance within the required time period and lack of prejudice to the opposing party. *In Re Murphy*, 1 B.R. 736 (Bkrtcy.S.D.Cal.1979).

In the instant case, F.D.I.C. failed to receive proper notification of the bankruptcy proceeding until after the date set for the meeting of creditors. Notice was subsequently received by the counsel for F.D.I.C., and that notice contained a technical error in computation of the last date set for filing certain complaints. Considering the volume of matters flowing through the Bankruptcy Court Clerk's office and especially since a miscalculation of two days did not prejudice any right of the debtor, there is no reason for the creditor to be penalized for reliance on a plausible clerical error in the Court's order. This reliance constitutes the requisite element of excusable neglect and is a logical conclusion because procedure in this as in all other courts dictates that deadlines for pleadings and other acts should be adhered to. To do otherwise would frustrate the processes of our judicial system.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that debtor's motion to dismiss the complaint as untimely be and is overruled.

IT IS FURTHER ORDERED AND ADJUDGED that the complaint be and is set for a pre-trial conference on *July 15, 1981, at 11:30 a. m., at 410 U. S. Courthouse, 601 West Broadway, Louisville, Kentucky 40202.*