693 F.2d 948
 7 Collier Bankr.Cas.2d 765, 9 Bankr.Ct.Dec. 1436,
Bankr. L. Rep. P 69,047
 In re James Kenneth MAGOUIRK, a/k/a Jim Mac, and Katharine
Ellen Magouirk, a/k/a Katharine Ellen Baker, Debtors.
FASSON, A DIVISION OF AVERY INTERNATIONAL CORPORATION, a
Delaware corporation, Plaintiff-Appellant,
v.
James Kenneth MAGOUIRK, a/k/a Jim Mac, and Katharine Ellen
Magouirk, a/k/a Katharine Ellen Baker, Defendants-Appellees.
 No. 82-5137
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 2, 1982.
Decided Dec. 2, 1982.
 
 Nancy Dassoff, Cutler & Cutler, Los Angeles, Cal., for plaintiff-appellant.
 Jay L. Michaelson, Michaelson & Susi, Santa Barbara, Cal., for defendants-appellees.
 Appeal from the United States Bankruptcy Appellate Panel for the Ninth Circuit.
 Before GOODWIN, HUG and BOOCHEVER, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 In this bankruptcy action, we are required to define the standard to be applied by the bankruptcy court in considering a motion for leave to file untimely objections to the discharge of an individual debt. We hold that the bankruptcy court erred in applying a strict construction of the term "excusable neglect," and remand for reconsideration of the motion under the proper standard.
 
 
 2
 In April 1980, James and Katharine Magouirk filed a voluntary petition for bankruptcy. They listed among their liabilities an unsecured debt to the Fasson Corporation for $87,644.47. Fasson was scheduled by the bankruptcy court as a creditor, and subsequently received a notice fixing the dates of discharge proceedings. The notice specified that the last day for the filing of complaints to determine dischargeability of individual debts was July 16, 1980, and that August 13, 1980 was the last day for filing objections to general discharge. Fasson's counsel misread or misrecorded the notice; she assumed August 13 was the last day to file the complaint. Fasson's complaint, filed August 11, was dismissed as untimely on August 15.
 
 
 3
 Fasson then sought permission to file its complaint late. It claimed the delay in filing was due to the excusable neglect of its counsel. After hearings on the motion, the bankruptcy judge concluded that the failure to file the complaint in compliance with the schedule was not the product of excusable neglect. He denied with prejudice the motion to permit a late filing of the complaint. On September 30, 1980, he granted discharge of the Magouirks' debts.
 
 
 4
 Fasson appealed to the bankruptcy appellate panel. The panel concluded that although "another court might look upon [counsel's] mistake with greater liberality than did the trial court in this case," the denial was not an abuse of discretion. Fasson appeals the panel's decision.[1]
 
 
 5
 The grant or denial of discharge is governed by Bankruptcy Rule 404. See also Rule 409 and Advisory Committee's Note to Rule 409. Rule 404(c) provides that: "The court may for cause, on its own initiative or an application of any party in interest, extend the time for filing a complaint objecting to discharge." The grant of an extension of time to file a complaint is within the "ample discretion" of the bankruptcy judge. Jackson v. Menick, 271 F.2d 806, 808 (9th Cir.1959); see In re Semel, 427 F.2d 651, 653 (3d Cir.1970). That discretion must, however, be exercised under the appropriate legal standard. See Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 648 (9th Cir.1980); Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir.1975). Fasson contends that the bankruptcy judge erred in concluding that he was required to consider its motion under the strict construction of "excusable neglect," the standard applied when a notice of appeal has not been filed within the prescribed time.
 
 
 6
 The procedure for granting an extension in a Rule 404 proceeding is set out in Rule 906. See Matter of Capshaw, 611 F.2d 55, 56 (4th Cir.1979) (applying Rule 906(b)(2) to discharge proceeding); Matter of Heyward, 15 B.R. 629, 635 (Bkrtcy.E.D.N.Y.1981) (same); In re Klayer, 13 B.R. 542, 544 (Bkrtcy.W.D.Ky.1981) (same). Rule 906(b) provides:
 
 
 7
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....
 
 
 8
 This case turns on interpretation of this provision, and specifically of its "excusable neglect" standard. The bankruptcy judge and the reviewing panel agreed that "excusable neglect" is subject to differing interpretations, depending upon the procedural context in which it appears.
 
 
 9
 In Bankruptcy Rule 802, which governs the time for filing a notice of appeal, "excusable neglect" is used as follows:
 
 
 10
 A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect ....
 
 
 11
 In this context, "excusable neglect" is very strictly construed. It requires (1) a finding that the party failed to learn of the entry of judgment, or (2) a finding of extraordinary circumstances, where excusing the delay is necessary to avoid an injustice. Matter of Estate of Butler's Tire & Battery Co., 592 F.2d 1028, 1034 (9th Cir.1979).
 
 
 12
 An "excusable neglect" standard is also applied under Bankruptcy Rule 924,[2] which incorporates Fed.R.Civ.P. 60(b).[3] Under Rule 60(b), "excusable neglect" is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim. Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir.1974); Patapoff v. Vollstedt's, Inc., 267 F.2d 863, 865 (9th Cir.1959). Unlike a request for appellate review under Bankruptcy Rule 802 or Fed.R.App.P. 4(a), a court reviewing a Rule 60(b) motion may consider the merits of the untested claim and determine whether setting aside the order will prejudice the other party. Schwab, 508 F.2d at 355; Provident Security Life Insurance Co. v. Gorsuch, 323 F.2d 839, 842-43 (9th Cir.1963), cert. denied, 376 U.S. 950, 84 S.Ct. 966, 11 L.Ed.2d 970 (1964).
 
 
 13
 The bankruptcy judge considered these conflicting interpretations of "excusable neglect." He concluded that procedurally Fasson's motion was similar to an appeal, in that it sought reconsideration of the dismissal of its complaint. Because of this analogy, the judge felt compelled to apply the strict interpretation of "excusable neglect" required by Bankruptcy Rule 802. Therefore he did not consider the prejudice to Fasson, the relative lack of prejudice to the Magouirks, or the merits of the underlying claim.
 
 
 14
 Fasson's situation did not involve a challenge to the correctness of a decision on the merits, as is the case in an appeal. Instead, it concerned a failure to file the initial complaint that would initiate a decision on the merits. The motion for an extension of time to file the complaint was thus procedurally similar to a motion to set aside a default judgment under Fed.R.Civ.P. 55(c) and 60(b). A liberal interpretation of "excusable neglect" should have been applied. Because Fasson's motion was timely,[4] and because it raised a cognizable objection to the discharge of an individual debt, on which it has been denied a hearing, "doubt, if any, should be resolved in favor of the motion to set aside the judgment." Schwab, 508 F.2d at 355, quoting 7 Moore's Federal Practice p 60.19 (3d ed. 1978). See also 1A Collier on Bankruptcy Sec. 14.06 (14th ed. 1978) (because of the importance of encouraging interested parties to oppose a discharge where there are reasonable grounds to suspect objection exists, the power to extend time for filing complaint should be liberally construed).
 
 
 15
 We note that other bankruptcy courts, in applying a liberal definition of "excusable neglect," in ruling on a Rule 404 or related motion, have considered a broad range of factors: (1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect. See Matter of Heyward, 15 B.R. 629 (Bkrtcy.E.D.N.Y.1981); In re Hinote, 13 B.R. 874 (Bkrtcy.E.D.Pa.1981); In re Klayer, 13 B.R. 542 (Bkrtcy.W.D.Ky.1981); In re Wallace, 12 B.R. 938 (Bkrtcy.E.D.Pa.1981); In re Gerber, 7 B.R. 910 (Bkrtcy.D.Minn.1981). Application of these factors is especially appropriate in the context of an objection to the discharge of an individual debt. Consideration of the merits of the complaint for discharge of the individual debt would not delay the administration of the assets of the estate, the distribution to creditors, or any general discharge. A decision on the merits of Fasson's complaint would only determine whether Fasson is able to proceed against the debtor to collect its individual debt despite any general discharge.
 
 
 16
 We hold that the determination as to the existence of excusable neglect in failing to file a complaint challenging the dischargeability of an individual debt should be evaluated under the standards applied to Bankruptcy Rule 924 and Fed.R.Civ.P. 60(b). We therefore reverse and remand the case to the bankruptcy court, 8 B.C.D. 955, 16 B.R. 883, for reconsideration of Fasson's motion under that standard. We express no opinion as to the merits of Fasson's claim of excusable neglect or its objection to the discharge of the individual debt.
 
 
 17
 The judgment is REVERSED and REMANDED.
 
 
 
 [1]
 Our jurisdiction to review the decision of the bankruptcy appellate panel is provided by 28 U.S.C. Sec. 1293. Pub.L. 95-598, Title IV, Sec. 402(b), 92 Stat. 2682 (1978) provided that 28 U.S.C. Sec. 1293 would be effective as of April 1, 1984. Pub.L. 95-598, Title IV, Sec. 405(c)(2), 92 Stat. 2685 (1978), provided that "[d]uring the transition period, the jurisdiction of ... the courts of appeals ... shall be the same as the jurisdiction of such courts ... granted under [28 U.S.C. Sec. 1293]." See In re Rubin, 693 F.2d 73 at 75-76 (9th Cir.1982)
 
 
 [2]
 Bankruptcy Rule 924 provides:
 Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases, except that a motion to reopen a case or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one-year limitation therein prescribed. This rule does not permit extension of the time allowed by section 33 of this title for the filing of a complaint to revoke a discharge.
 
 
 [3]
 Fed.R.Civ.P. 60(b) provides in part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect .... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
 
 
 [4]
 The motion was filed well within one year of the order of dismissal. See note 3