In re Leon R. MIGUEL and Placida S. Miguel, dba Miguel and Sons Farms, Debtors.

Placida S. MIGUEL, individually and as Executor of the estate of Leon R. Miguel, deceased, Plaintiffs,

v.

QUAIL PLACE PROPERTIES, INC., a corporation, and Marvin B. Kapelus, Defendants.

Bankruptcy No. 281–03688–D–11. Adv. No. 282–0854.

United States Bankruptcy Court, E.D. California.

June 14, 1983.

Oliver J. Northup, Jr., Woodland, Cal., for debtors/plaintiffs.

Marvin B. Kapelus, Newport Beach, Cal., for defendants.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

The present motion for relief from a judgment was argued by the parties at a regularly scheduled hearing on January 24, 1983, and thereafter was submitted on writ-ten briefs. The judgment was granted to the plaintiffs, after making an offer of proof, because of the failure of the defend-ants or counsel to appear at the noticed trial on December 8, 1982. The defendants were represented by Marvin B. Kapelus, Esq., in filing their answer and pretrial communications with the plaintiff's counsel. Attorney Kapelus is also named as one of the two defendants. It is alleged by the defendants that they associated Susan Be-auvais, Esq., of Sacramento, California, as local counsel to litigate the underlying mat-ter. They allege that Ms. Beauvais on nu-merous occasions represented that pre-trial interrogatories were served, preparation for trial was satisfactory, and all pre-trial mo-tions were timely made—though none were actually done. She further advised them that their attendance at the trial was not necessary because she believed that the un-derlying action, which turned on the inter-pretation of the contract, could be argued solely on written documents. Ms. Beauvais later explained her nonappearance at the trial and the adverse judgment as being caused by highway construction between Fresno and Sacramento, California, (her of-fice then being located in Fresno, Califor-nia) and that she would try and get the judgment set aside.

The plaintiff responds by stating that while such events may very well be true, the judgment was caused by a lack of dili-gence by the defendants, including Mr. Ka-pelus who was the attorney of record for all of the defendants. No documents were filed with the court associating Ms. Beau-vais for representation of the defendants and Ms. Beauvais' only appearance before the court in this matter was a special ap-pearance for Mr. Kapelus at the trial set-ting. Plaintiff contends that Mr. Kapelus was active as attorney for the defendants as late as November 17, 1982, aware of the actual trial date, and had been the only attorney in communication with the plain-tiff. Further, that failure to attend the trial was the result of defendants own lack of diligence and that relief from said judg-ment is not therefore warranted. The busi-

ness and legal sophistication of the defendants made the blind reliance they placed in Ms. Beauvais unreasonable. The tactical decision not to have the defendants appear at the trial would have resulted in an uncontroverted case by the plaintiff and thus should have been examined closely by Mr. Kapelus, if not rejected out of hand.

The numerous citations by defendants in their written briefs to cases that allow for the setting aside of a judgment center on a common theme—an innocent defendant was denied the opportunity to have a trial on the merits due to the failure of his/her attorney to complete the acts delegated to him. It is the innocent party who is unknowingly deprived of effective representation that is protected by setting aside a judgment and not the party that created the confusion and circumstances that lead to or contributed to the entry of the judgment. A party to civil litigation must be diligent and take reasonable steps to advance that litigation and prepare for trial. This is even more applicable when one of the defendants is an attorney representing both of the defendants.

Having reviewed the facts, arguments, and written briefs, this court does not believe that sufficient grounds exist for disturbing the finality of the judgment it has previously entered on December 21, 1982. Mr. Kapelus had actively represented the defendants throughout the pre-trial phase and was the attorney of record. Merely because Mr. Kapelus desired to associate another attorney does not relieve him, nor the other defendant of the obligation to be diligent. It is the unusual case where one of the defendants is acting as the attorney of record and in such a situation that attorney cannot suddenly plead ignorance when events turn sour. Because of the intimate familiarity with the case and the law, the alleged reliance on the vague assurances that everything was proceeding properly when nothing was occurring was unreasonable. Mr. Kapelus should reasonably have inquired into the case to insure that it was properly proceeding. This failure to act reasonably does not allow the defendants to claim ignorance and innocence as an injured party. The innocent defendant is an important requirement in the cases that set aside default judgments because of inaction by the attorney. See *Ben Sager Chem. Int. v. E. Targosz & Co.,* 560 F.2d 805 (7th Cir.1977), and *Greenspun v. Bogan,* 492 F.2d 375 (1st Cir.1974).

Although this was a judgment after trial with the defendant not appearing and therefore not a default judgment per se, a recent case before the Ninth Circuit Court of Appeals discussed factors to be considered in setting aside a default. *Fasson v. Magouirk,* 693 F.2d 948 (9th Cir.1982). Two factors to be considered were the prejudice to the plaintiffs and the court itself. With the extremely crowded calendars in the Federal Courts of this district, failure to appear at a scheduled trial is an egregious waste of time which could be much better spent on those concerned with litigating their various matters. Prejudice has also occurred to the plaintiff due to the preparation for trial at the scheduled time. When this is viewed in light of the defendant's responsibility for the failure to appear, an element considered by the court in *Magourik, id.,* remedies short of allowing the judgment to stand would be inequitable for the court and the plaintiffs. The defendants were not denied an opportunity to have the underlying issues determined on their merits by circumstances beyond their control but instead chose to abdicate all responsibility.

Therefore, defendants request to set aside the judgment entered by this court against them on grounds of excusable neglect, mistake, inadvertence, surprise, or any other reason justifying relief from the operation of the judgment, as specified in Rule 60(b), Federal Rules of Civil Procedure, is denied and the judgment is final. This court finds that it was the conduct of the defendants that contributed in a substantial part to the judgment and that they failed to act in a reasonable manner in the handling of their case.

This Memorandum Opinion and Decision shall constitute findings of fact and conclu-

sions of law. Counsel for the plaintiff shall prepare and submit an Order consistent herewith.