**Lawrence KATES, Plaintiff-Appellant,**

v.

**CROCKER NATIONAL BANK,
Defendant-Appellee.**

**CA No. 85–6608.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1985.

Decided Nov. 19, 1985.

Robert J. Jagiello, Los Angeles, Cal., for plaintiff-appellant.

John T. Wise, Diane E. Pritchard, Jeffer, Mangels & Butler, Los Angeles, Cal., for defendant-appellee.

Before J. BLAINE ANDERSON, FARRIS and NELSON, Circuit Judges.

FARRIS, Circuit Judge:

Lawrence Kates brought suit charging Crocker National Bank with violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), Unfair Business Practices

(Cal.Bus. & Prof.Code § 17200 *et seq.*), and Invasion of Privacy. These claims were based on Crocker's conduct in sending notice to Kates that he might be the subject of a future investigative consumer report. No report was ever made, and no investigation was ever commenced. Kates argues that the provisions of the FCRA were enacted to protect consumers, and that Crocker is guilty of actionable misconduct in that it never intended to investigate, but used the threat of investigation to coerce him to pay the debt. Crocker moved for summary judgment as to the whole of Kates' complaint on the grounds that Crocker had done no act to trigger the liability provisions of the FCRA, that California law does not recognize a private right of action to recover money damages for unfair business practices, and that no investigation was ever made to invade Kates' privacy. The district court granted summary judgment to Crocker. Subsequently, Kates moved to amend his complaint to set out intentional infliction of emotional distress. The district court denied the motion.

■ On appeal Kates claims that the district court erred in granting the summary judgment. He argues that a wilful misrepresentation, used as a collection device, is in violation of the Act.[1]

Kates, a former Master Charge customer of Crocker, had exceeded his authorized credit limit in the Spring of 1983. Crocker sought to discuss the excess with Kates but was unsuccessful in its attempts to locate him. Thereafter, on May 27, 1983, Crocker cancelled Kates' Master Charge account and sent him a "disclosure of Request for Investigative Consumer Report."[2]

On June 1, 1983 after receiving notice that his card had been cancelled, Kates contacted Crocker and subsequently brought his account current. Thus, no collection effort was necessary, and Crocker never performed a consumer investigation of Kates.[3]

On June 16, 1983, Kates made a written request for "disclosure of the nature and scope of the investigation" that had been requested by Crocker. Crocker never responded.

We review the grant of summary judgment *de novo*. *Golden v. Faust*, 766 F.2d 1339, 1340 (9th Cir.1985). We review the denial of leave to amend the complaint for an abuse of discretion. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir.1984).

■ The purpose of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, is to protect consumers from the transmission of inaccurate information about them. Even if Crocker's conduct was as distasteful as Kates alleges, the Act is not activated until some investigation is done or some information is transmitted. *Cf. Henry v. Forbes*, 433 F.Supp. 5, 8–11 (D.Minn.1976) (because information was not used so as to be a "consumer report," circumstances do not fall within the narrow bounds of FCRA coverage). Although the Act is to be liberally construed, it must be read consistently with its other provisions to give meaning to each. *Cf. In re Rubin*, 693 F.2d 73, 76 (9th Cir.1982); *Mutschler v. Peoples Nat'l Bank*, 607 F.2d 274, 276 (9th Cir.1979). There is no requirement in the Act that an investigation be made or a report issued. See, e.g., 15 U.S.C. § 1681d(a)(1), which requires the disclosure that "an investigative consumer report . . . may be made. . . ." Although the Act requires that the reporting or requesting en-

---

1. Kates is deemed to have abandoned his invasion of privacy claim since he has not addressed the issue in his brief.

2. This notice stated in pertinent part:
   In accordance with the Fair Credit Reporting Act, please be advised that as part of our procedure for handling your credit, an investigation may be made whereby information is obtained through personal interviews with your neighbors, friends, or others with whom you are acquainted.

3. In a telephone conversation with a Crocker employee, Kates was told that no investigation was contemplated or had ever been contemplated, but that the notice went out to him to facilitate Crocker's collection efforts.

tity furnish the consumer with a statement of the nature and scope of any investigation, 15 U.S.C. § 1681d(b), there can be no statement if no investigation has taken place. Crocker's conduct was not proscribed by the Act.

■ California law does not recognize the recovery of damages by individuals for unfair business practices. *Chern v. Bank of America*, 15 Cal.3d 866, 875, 127 Cal. Rptr. 110, 115, 544 P.2d 1310, 1315 (1976); *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 215 n. 16, 197 Cal.Rptr. 783, 794, 673 P.2d 660, 671 (1983). We need not consider the appropriateness of injunctive relief since that question was not before the district court.

■ Late in the proceedings, Kates moved to amend his complaint to state a cause of action for intentional infliction of emotional distress. He gave no reason for his delay. We find no abuse of discretion in the denial of the motion to amend. *See M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir.1983).

AFFIRMED.