**In re Donald D. RHODES, dba Don's Mobile Service Station, Debtor.**

**BUCKEYE GAS PRODUCTS COMPANY, Appellant,**

v.

**Donald D. RHODES, dba Don's Mobile Service Station, Appellee.**

BAP No. CC–86–1816–MeMoJ.

Bankruptcy No. SB–86–00324 JW.

Adv. No. SB 86–0153 JW.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Dec. 22, 1986 *.

Decided Feb. 18, 1987.

---

* The Panel finds this case appropriate for submission without argument pursuant to Ninth Circuit BAP Rule 3 and Bankruptcy Rule 8012.

Edward K. Madruga, Indio, Cal., for appellant.

Daniel D. Zahner, Simon & Simon, San Bernardino, Cal., for appellee.

Before MEYERS, MOOREMAN and JONES, Bankruptcy Judges.

PER CURIAM:

### I

Appellant Buckeye Gas Products Company ("Buckeye") appeals from the Bankruptcy Court's dismissal of its complaint to determine the dischargeability of a debt. Buckeye's complaint was filed one day after the expiration of the deadline for filing challenges to discharge. We AFFIRM the decision of the Bankruptcy Court.

### II

### FACTS

On January 22, 1986, Donald and Sheryl Rhodes, dba Don's Mobile Service ("Debtors"), filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code ("Code"). The Debtors' schedule of debts listed a judgment debt owed to Buckeye for $27,000.

On January 27, 1986, the clerk of the court mailed an Order and Notice for Hearing, which informed Buckeye that April 28, 1986 was the last day to file a complaint under Section 523(c) to determine exceptions to discharge under paragraph (2), (4) or (6) of Section 523(a).[1] Buckeye does not dispute timely receipt of this notice.

The attorneys for Buckeye drafted a complaint in which the first cause of action claimed that the debt owed to Buckeye qualified as an exception to discharge under Section 523(a)(2) of the Code. The complaint's second cause of action challenged the discharge of the Debtors under Section 727.

On April 28, 1986, Buckeye's attorneys sent the complaint out with a messenger service to be filed with the Bankruptcy Court. The attorneys did not specifically request that the messenger service file the complaint that day but merely assumed it would do so. The complaint was not filed until Tuesday, April 29, 1986, one day after the deadline. The Bankruptcy Court, on motion by the Debtors, dismissed as untimely Buckeye's complaint as to all causes of action.

### III

### DISCUSSION

■ Section 523(c) of the Code and Bankruptcy Rule 4007(c) require any creditor who objects to the dischargeability of a particular debt under Section 523(a)(2), (4) or (6) to file an adversary proceeding. *See In re Aldrich*, 34 B.R. 776, 780 (9th Cir. BAP 1983). The plaintiff must either file his complaint within the time set or must move for an enlargement of time before the deadline expires. Bankruptcy Rule 4007(c). The Bankruptcy Court has no discretion to enlarge the time for filing a complaint to determine dischargeability if the request is made after the deadline for filing the complaint. *In re Rhodes*, 61 B.R. 626, 629 (9th Cir. BAP 1986).

1. Subparagraphs (2), (4), and (6) of Section 523(a) except from discharge debts based on fraud (Section 523(a)(2)); misconduct of a fiduciary or embezzlement or larceny (Section 523(a)(4)); or willful and malicious injury (Section 523(a)(6)).

■ Buckeye argues that the Bankruptcy Court has the power to grant an extension of time upon a showing of excusable neglect.[2] *In re Magouirk*, 693 F.2d 948, 950 (9th Cir.1982); *See* Bankruptcy Rule 9006(b)(1). However, Buckeye's heavy reliance on *In re Magouirk, supra,* is misplaced since that case was decided under the former Bankruptcy Rules. The current rules do not grant the court discretion to enlarge the time for filing complaints upon a showing of excusable neglect. *In re Rhodes, supra,* 61 B.R. at 629–30. Bankruptcy Rule 9006(b)(3) expressly provides that the bankruptcy court "may enlarge the time for taking action under Rule[s] ... 4007(c) ... only to the extent and under the conditions stated in those rules." Rule 4007(c) does not allow enlargements after the deadline has passed.

■ In the present case, Buckeye was provided a three month notice of the deadline for filing complaints to determine the dischargeability of debts under Section 523. This gave Buckeye ample time to prepare the complaint and file it in a timely manner. If more time was needed, Buckeye should have moved for an enlargement of time before the bar date had passed under Rule 4007(c). Buckeye never timely moved for an enlargement and did not file its complaint until the day after the deadline. Under these circumstances, the Bankruptcy Court had no choice but to dismiss the complaint as untimely.

AFFIRMED.

JONES, Bankruptcy Judge, concurring.

This court's previous decision in *In re Rhodes*, 61 B.R. 626 (Bankr. 9th Cir.1986) controls the decision in the present case. Therefore, I feel constrained, under the principle of *stare decisis*, to vote with the majority to affirm the decision below. However, I also feel constrained to state my position that excusable neglect should, in some cases, constitute grounds for allowing a creditor to file an untimely complaint to determine dischargeability of a debt.

·Bankruptcy Rule 9024 states that Rule 60 of the Federal Rules of Civil Procedure ("FRCP") applies in bankruptcy cases except in certain enumerated circumstances, none of which exist in the present case. FRCP 60(b) provides that on motion of a party, the court may relieve a party from a final judgment, order or proceeding upon a showing of, *inter alia*, excusable neglect. The motion must be made within a reasonable time not exceeding one year after entry of the judgment or order.

Bankruptcy Rule 4007(c) governs the time for filing a complaint to determine the dischargeability of a debt under section 523(c) of the Code. Bankruptcy Rule 9006(b)(3) governs extensions of time for acting under Rule 4007(c). Neither rule states that in proceedings governed by those rules, FRCP 60(b) does not apply. In my opinion, therefore, excusable neglect under FRCP 60(b) should, on an appropriate showing, provide a basis for granting a request to file an untimely complaint to determine dischargeability of a debt. *See In re Magouirk*, 693 F.2d 948 (9th Cir. 1982).

In *Magouirk*, the creditor's counsel received notice of the bar dates but misread or misrecorded it. As a result, the complaint was filed about one month late. The bankruptcy court denied the creditor's request to file the untimely complaint. In doing so, the court applied the "strict" excusable neglect standard used in the context of allowing extensions of time for filing a notice of appeal. The strict standard "requires (1) a finding that the party failed to learn of the entry of judgment, or (2) a finding of extraordinary circumstances where excusing the delay is necessary to avoid an injustice." *Id.* at 950 (citing *In re Butler's Tire & Battery Co.,* 592 F.2d 1028, 1034 (9th Cir.1979)). The Bankruptcy Appellate Panel, finding no abuse of discre-

---

**2.** Buckeye does not raise the dismissal of its second cause of action, which challenges the Debtors' discharge under Section 727, as an issue in its brief. Therefore, it is deemed to have abandoned this claim. *Kates v. Crocker Nat'l Bank,* 776 F.2d 1396, 1397 n. 1 (9th Cir. 1985).

tion, affirmed the bankruptcy court decision.

The Ninth Circuit Court of Appeals reversed. The ninth circuit held that the bankruptcy court should have applied the more liberal excusable neglect standard of FRCP 60(b). The court concluded that a request to file an untimely dischargeability complaint was more analogous to a motion to set aside a default judgment under FRCP 55(c) and 60(b) than to a request to file an untimely notice of appeal. The court reasoned that a request to file an untimely appeal involved challenging a decision on the merits whereas a motion to set aside a default judgment or to file an untimely dischargeability complaint involves initiating a decision on the merits. Doubts, the court held, should be resolved in favor of a motion that seeks to initiate a decision on the merits. *Magouirk*, 693 F.2d at 951.

In my opinion, this reasoning remains sound. The policies underlying Bankruptcy Rules 4007(b) and 9006(b)(3) are (1) to facilitate the clerk's office procedures in issuing discharge certificates in a timely fashion, and (2) to facilitate the debtor's "fresh start" by allowing quick issuance of the discharge certificate and quick resolution of discharge and dischargeability questions. A complaint to determine dischargeability of a debt has little or no effect on administration of the estate, distributions to creditors, or the debtor's general discharge. Therefore, allowing a dischargeability complaint to be filed late upon an adequate showing of excusable neglect does not offend these policies.

In light of these policy considerations, however, I would use the strict standard of excusable neglect discussed above. Accordingly, the complaining party must show either that he was not given notice of the bar dates[1] or that extraordinary circumstances exist such that allowing the late complaint to be filed is necessary to avoid injustice. The following factors, cited by the *Magouirk* court, should be con-

sidered when the extraordinary circumstances part of the test is used:

(1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect.

*Id.* (citations omitted).

Appellant here does not claim it was unaware of the bar date but appellant has, in my opinion, demonstrated extraordinary circumstances in which allowing the complaint to be filed late is necessary to avoid injustice. The complaint here was filed only one day late. Thus, there is no prejudice to the debtor or adverse impact on administration of the estate. The delay here was beyond the reasonable control of appellant's counsel who contacted the process server two days before the bar date. This should have been plenty of time for the complaint to be timely filed. Further, nothing in the record suggests the creditor here did not act in good faith. Finally, to the extent the delay here resulted from appellant's counsel's mistake, there is no reason to penalize appellant who had no control over the situation.

Absent this court's prior *Rhodes* decision, I would vote to reverse the bankruptcy court below and allow appellant to file its complaint. Under the principle of *stare decisis*, however, I must vote to affirm.

---

1. I address the situation where the complaining party alleges failure to give notice of the bar dates in my concurrence in another case cur-

rently before the Panel, *In re Ricketts*, BAP No. EC–86–1861.