Dissenting opinion filed by Circuit Judge MURGUIA.
MEMORANDUM **
Steven D. Molasky (“Molasky”) filed a voluntary bankruptcy petition in which One Cap Holding Corporation (“OneCap”) commenced an adversary proceeding under 11 U.S.C. § 523. The W. Leslie Sully, Jr., Chtd. Profit Sharing Plan (“Sully”) intervened in the § 523 complaint. After OneCap was dismissed for failure to prosecute, the bankruptcy court dismissed Sully. The district court reversed the bankruptcy court’s dismissal of Sully, finding Sully to be a party plaintiff to the § 523 complaint. We vacate the district court’s order and remand to the bankruptcy court for proceedings consistent with the discussion below.
We proceed assuming that Sully was originally an intervenor and not a party plaintiff to the § 523 complaint. An inter-venor can proceed after dismissal of the original party if 1) there is an independent basis for jurisdiction, and 2) unnecessary delay would otherwise result. See Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir.1994). The bankruptcy court summarily found no independent basis for jurisdiction for Sully *807 because Sully failed to file a timely § 523 complaint. The bankruptcy court erred as a matter of law, however, in failing to recognize that the § 523 deadline is discretionary and may be extended with cause. See Fed. R. BankrP. 4007. Failure to meet the § 523 deadline is not a mandatory jurisdictional bar.
The bankruptcy court could have considered various factors in determining whether “cause” existed for extending the § 523 deadline: “(1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel’s mistake or neglect.” In re Magouirk, 693 F.2d 948, 951 (9th Cir.1982) (citations omitted). Molasky does not appear prejudiced by allowing jurisdiction, as he was already on notice as to OneCap’s complaint. If the bankruptcy court limits Sully to litigating OneCap’s original complaint, Molasky is not exposed to any new complaints. The length of the delay is related specifically to the time it took for OneCap to fail to prosecute, so the delay should not be an undue burden to the court’s administrative process. One-Cap’s failure to prosecute appears to be beyond the reasonable control of Sully. These equitable arguments suggest that Sully should be allowed to continue the § 523 action, and “bankruptcy courts ... are courts of equity and appl[y] the principles and rules of equity jurisprudence.” Young v. U.S., 535 U.S. 43, 50, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002) (alteration in original) (quoting Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281 (1939)) (internal quotation marks omitted).
Because we hold that the bankruptcy court erred as a matter of law in failing to consider an independent basis for jurisdiction over Sully as an intervenor, we do not reach the question of whether Sully was originally admitted as a party plaintiff to the § 523 action.
For the reasons stated above, we VACATE the district court’s order and REMAND to the bankruptcy court for a determination of jurisdiction over Sully under Fed. R. Bankr.P. 4007.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.